LINDA JOSEPHINE MAREZ, APPELLANT, V. ANTHONY
MIKE MAREZ, APPELLEE.

350 N.W.2d 531

Filed June 8, 1984. No. 83-786.

Clark G. Nichols of Winner, Nichols, Douglas and Kelly, for appellant.

John W. Ballew, Jr., of Raymond, Olsen, Ediger & Ballew, for appellee.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and McCOWN and BRODKEY, JJ., Retired.

BRODKEY, J., Retired.

This appeal involves an order entered by the district court for Scotts Bluff County, Nebraska, modifying a decree of dissolution of marriage between the parties, entered by the court on October 26, 1976, and in which decree the court placed the custody of the three minor children of the parties in the legal

custody of the court for such time as it deemed fit and proper, and further granted temporary physical custody to the mother, Linda Josephine Marez, at whose residence they were to reside. The court also granted the respondent, Anthony Mike Marez, the right of visitation with his children. Subsequent to the entry of the original divorce decree, and after many years of protracted litigation between the parties, each of the parties filed a separate application with the court for modification of the original divorce decree because of change in circumstances. The application of Linda requested that the court place permanent custody of the children with her, and also requested an order specifically allowing petitioner, who had remarried, to remove the children from the State of Nebraska to Colorado. The application of the father requested a modification of the decree, alleging there had been a change of circumstances in that the petitioner desired to move herself and the children to Fort Morgan, Colorado, and that the children preferred to live with him and his new wife. Each party alleged it was in the best interests of the three minor children that their permanent care, custody, and control be placed with that party, subject to the rights of reasonable visitation with the other party. Neither party claimed that the other was unfit to have custody of the children.

The matter came on for hearing on August 25, 1983, approximately 6 years after the entry of the original decree, and both parties introduced evidence and rested.

At the conclusion of the evidence the court stated as follows:

I will take a 10-minute recess and I would like to see the children in my chambers. I will interview the children on the record in camera. Counsel will not be there. There will be a record made, of course, and then I'll come in and listen to your comments, gentlemen. Why don't

you check with me in about 10 minutes and then the boys can come in to chambers.

At this point it is appropriate to note that during the oral argument of this case to the court, it was stated that at the pretrial conference on this matter counsel for both parties agreed that the court might interview the three minor children in camera.

Following a short recess after the reception of evidence, the court did interview the three minor children, Anthony Michael Marez, Jr., born February 12, 1972, Ricardo Ralph Marez, born March 20, 1973, and Raul John Marez, born April 15, 1974, in chambers. A record of what was said at the meeting was made. Immediately following the interview with the children, the court held a conference with the counsel for both parties, and also the parties themselves. During the course of the conference, the court stated:

These children look forward to staying here. They look forward to going to school at McKinley with all of their cousins and relatives. They named them off for me. They want that. I see no difference in the kind of care that both parents professed to have and both parents professed to be providing for those kids. And I don't think the record shows that there is a great deal of difference, although the children's testimony will shed some other light on that, perhaps.

. . . I don't prefer one over the other. But when I look at these children in this community, and the fact that the petitioner talks about frequent visits back here, I think it's going to be easier for her to come back and visit these children, and my decision here is based on all of this evidence of the strong ties in this community, with all of the grandparents and all of the other relatives, the up-rooting of these three boys, and they do talk together, they talk together about what they want to do. And I asked them indi-

vidually and as a group how they made up their mind and what they wanted and why they wanted it. And I think their best interest is served in staying with their father, in staying with their family here in this valley, in this area, in their present church, in the school where they know people, although it's a new school. And I make no differentiation between the kind of care that would be provided by either party, I simply think these children should remain here and I am going to deny the motion for transportation of the children to Colorado and I retain jurisdiction of the children in the court and I will give physical custody to the respondent Anthony Mike Marez.

So far as the record reveals, at no time did counsel for either party or the parties themselves ever object to the court's having interviewed the children, nor as to the fact that the court refused to reveal the specifics of the conversation with the children; nor at any time, so far as the record discloses, did they ever request that they be permitted to introduce rebuttal testimony with reference to whatever was told the court by the children, and as contained in the record; nor did they request to have the record typed up prior to the court's entering its judgment.

The court entered its judgment of modification on October 31, 1983, stating in part as follows:

The court, having heard the evidence presented in Court and having discussed this matter with the parties' three minor children in chambers, finds as follows:

1. The Petitioner's desire to move to the State of Colorado with her new husband constitutes a material and significant change in circumstances affecting the original Decree of Dissolution entered herein on October 26, 1976.

2. Based upon the evidence presented in Court, both Petitioner and Respondent are found to be fit and proper persons to have the custody

of their three minor children, Anthony Michael Marez, Jr., born February 12, 1972, Ricardo Ralph Marez, born March 20, 1973, and Raul John Marez, born April 15, 1974 but, based upon the evidence presented to the Court, the Court is of the opinion that the best interests of the minor children would be best served by placing their permanent care, control and custody with Respondent. Accordingly, the Decree entered herein on October 26, 1976 which provided that legal custody of the parties' three minor children was to remain with the Court and that Petitioner was to have temporary physical custody of the children is so modified.

The court also granted petitioner reasonable rights of visitation.

In her appeal of that order to this court, the appellant, Linda Josephine Marez, alleges certain assignments of error, the principal one being that the court erred in failing to disclose to the parties the substance of its in camera interview with the minor children of the parties prior to its decision so as to afford the appellant an opportunity for rebuttal, and also that the court erred in basing its decision as to custody primarily on what the court learned at the in camera interview with the minor children. She contends that the trial court erred in relying upon the in camera testimony of the three minor children without disclosing its nature to the appellant and giving her a chance to rebut it. She also contends that the court erred in denying her request for permission to remove herself and the three children to Fort Morgan, Colorado, and also erred in finding that there was a change in circumstances and that the best interests of the children would be served by placing them with their father. We have reviewed the record and applicable law and have concluded that the action of the trial court was correct and should be affirmed.

We first comment briefly on the contention of the

appellant that her desire to move to the State of Colorado with her new husband, where he had obtained employment, was not a material and significant change of circumstances warranting a modification of the custody provisions of the original divorce decree. We agree that merely moving out of the state of domicile to another state does not ipso facto constitute a change of circumstances, for the reason, as has been stated, mobility is a fact of life; nevertheless, when considered in conjunction with other evidence, such a move may well be a change of circumstances which would warrant a modification of the decree. In *Cook v. Cook*, 135 F.2d 945, 947 (D.C. Cir. 1943), that court stated:

> A custodial order is conclusive as to all matters prior to its promulgation. But the doctrine of res judicata cannot settle a question of a child's welfare for all time to come; it cannot prevent a court at a subsequent time from determining what is best for the children at that time. The usual way of expressing this rule is to say that "circumstances have changed" when the order is no longer in the children's interest. But the phrase "change of circumstances" should not be mechanically construed. The children's happiness, their psychological adjustment, their own wishes, are as much entitled to consideration as changes in material environment. As was said in Boone v. Boone, the trial court should constantly keep in mind the ultimate question, which is "whether the welfare of the children now requires a change in the custody previously provided by the court of their domicile."

From the testimony given by witnesses other than the children at the trial, and also by virtue of the express preferences and reasons therefor given by the children in their in camera interview with the court, it is clear that the court reached the right conclusion in stating that the move to Colorado under

the facts of this case constituted a material and significant change in circumstances.

We also call attention to the case of *Read v. Read*, 103 Cal. App. 2d 721, 230 P.2d 46 (1951). In that case the court held that the fact that the children and the father were all living in the same county, where the father could frequently see the children without difficulty, when the order fixing custody of the children of divorced parents was made and that the children had since been removed to a distant part of the state by the mother, rendering frequent visits with their father impracticable, constituted a sufficient "change in circumstances" to justify an order modifying the custody provisions.

It is conceded in this case that the trial court properly interviewed the children of the parties, either by outright consent of the parties at the pretrial hearing or by their failure to object thereto at any time.

The record reveals clearly that appellant and her counsel knew in advance that there was going to be an in camera hearing, knew that a record would be taken, knew that the judge was going to ask questions, but did not check, did not ask to see, the record afterwards, and neither at that time nor by a motion for a new trial made any effort to contradict what was said. Under these circumstances any error in the trial court's procedure, a question we do not decide, has been waived. In 24 Am. Jur. 2d *Divorce and Separation* § 985 at 976 (1983), it is stated:

> Assuming that it may be improper for the trial court to interview a child privately, a party to a divorce action may consent to such an interview or waive objections to the informal procedure, in which event the court may not only interview the child *but also weigh what the child said as a basis for its order*.

(Emphasis supplied.)

There appears to be uniformity in the opinions of

courts which have considered the issue, that where the parties have given consent or acquiescence to such interview and the court conducts an in camera hearing, such consent waives any objections which might be raised on appeal. These cases are collected in Annot., 99 A.L.R.2d 954 at 962 et seq. (1965). See, also, *Bunting v. Oak Creek Drainage District*, 99 Neb. 843, 157 N.W. 1028 (1916), stating that where defendant's attorney failed to complain of a known irregularity in a jury view before the verdict was reached could not complain of the irregularity on appeal.

We have also examined the other assignments of error contended for by appellant and, under the facts contained in the record of this case, conclude that they are without merit and that the trial court was correct in its judgment.

AFFIRMED.