ANTHONY R. CAPALDI, APPELLEE, V. MYRNA A. CAPALDI,
APPELLANT.
457 N.W.2d 821

Filed July 20, 1990.   No. 89-1276.

Myrna A. Capaldi, pro se.

Van A. Schroeder, of Bertolini, Schroeder & Blount, on brief, for appellant.

Benjamin M. Belmont, of Lustgarten & Roberts, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.
Myrna A. Capaldi appeals an order of the district court for Sarpy County modifying a dissolution of marriage decree by changing the custody of her daughter and her son from their mother to their father. We affirm.

Among her assignments of error, the appellant complains that the trial judge should have recused himself from the trial of the petition for modification of the dissolution decree because he had answered letters from the parties. In each instance, the judge sent copies of his letters to both parties and to the children's guardian ad litem. He also received copies of the letters written by the parties to each other. The judge's letters indicate that he was attempting to smooth the transfer of the children from one parent to the other during times of visitation. Although nothing in the judge's letters reveals any favoritism or bias toward either the mother or the father, this court does not condone efforts by a judge, no matter how well intentioned, to settle differences between litigants, other than after a hearing on pleadings and evidence's being adduced in the court over which the judge presides. Because of a lack of showing of bias or favoritism toward either party in this case, at most, the refusal of the trial judge to recuse himself was harmless error.

The appellant also complains that her minor children were questioned in the judge's chambers without being sworn as witnesses. Questioning of the children was by the attorney for each party, by the guardian ad litem, and by the judge. The record reflects no objection by the appellant to that procedure at the trial. In fact, her attorney participated in the questioning. Generally, where the parties have given consent or acquiescence to private interviews with the children and the court conducts an in camera hearing, such consent waives any objections which might be raised on appeal. *Marez v. Marez*, 217 Neb. 615, 350 N.W.2d 531 (1984). See, also, *State v. Shepherd, ante* p. 426, 455 N.W.2d 566 (1990); *State v. Tyrrell*, 234 Neb. 901, 453 N.W.2d 104 (1990). This assignment of error is without merit.

The ultimate test in determining the appropriateness of an award involving custody of a minor child is reasonableness, as determined by the facts in each case, and the trial court's determination normally will be affirmed in the absence of an abuse of discretion. *Emme v. Emme, ante* p. 505, 455 N.W.2d 808 (1990); *Helms v. Helms,* 234 Neb. 630, 452 N.W.2d 269 (1990).

We have reviewed the record de novo, as we are required to do, and have determined that the trial court did not abuse its discretion. *Emme v. Emme, supra*; *Helms v. Helms, supra.*

The judgment of the district court is affirmed.

AFFIRMED.