ARNOLD A. SCHULZE, APPELLEE, V. ROSE E. SCHULZE,
APPELLANT.
469 N.W.2d 139

Filed May 10, 1991.    No. 89-207.

Donald A. Roberts, of Lustgarten & Roberts, P.C., for appellant.

Jerome J. Ortman for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

SHANAHAN, J.

Rose E. Schulze appeals from the judgment of the district court for Douglas County, which modified a marital dissolution decree concerning child support to be paid by Arnold A. Schulze. We reverse and remand with direction.

## CIRCUMSTANCES AT ENTRY OF DECREE

On March 26, 1987, the district court entered its decree dissolving the marriage of Rose and Arnold Schulze. Under the dissolution decree, Arnold was granted custody of Schulzes' 16-year-old daughter, while Rose was granted custody of the other three Schulze children, whose ages ranged from 12 to 2 years. The decree set child support payments for the children in Rose's custody at $200 per month per child.

## CIRCUMSTANCES REGARDING MODIFICATION

On March 25, 1988, Arnold filed an application to reduce the child support payments and claimed that there was a material change in circumstances after the decree because he was unemployed. Also, Arnold requested "such other and further relief as may be just and equitable in the premises."

At entry of the marital dissolution decree, Arnold was in partnership with Joseph Jones in the painting business and had an adjusted gross income of $37,522. Rose earned $12,000 as a clerk-typist. In 1987, subsequent to the Schulze decree, Arnold and Jones dissolved their partnership. After the partnership dissolution, Arnold kept all his painting equipment, including a truck, and had an income of approximately $25,000 for 1987, including nearly $22,000 in income which was attributable to Arnold's painting business and was reported on his 1987 federal income tax return. However, in 1988 Arnold accepted employment as a nurse's aide and received wages of $7,400 in 1988.

Before reception of evidence at the modification hearing, the parties stipulated to a change of child visitation rights, that is, a change from the dissolution decree's provision for Arnold's "reasonable and liberal visitation" of the Schulze children.

At the time of the modification hearing, Arnold, notwithstanding his allegation that he was "not currently working," as expressed in his application to modify the marital dissolution decree, was receiving $4.32 per hour from his employment as a nurse's aide. Also, Arnold, who enjoyed good health, still had his painting equipment. Arnold has a bachelor's degree in elementary education and, through refresher courses, could obtain a teaching certificate. Arnold was substantially in arrears in his child support payments; for example, arrearages of $460 for 1987 and $5,465 for 1988.

During the modification hearing, Arnold was asked questions about his employment:

Q. In 1988, did you attempt to go to work as a painter for another contracting company?

[Schulze:] No.

Q. You've made no attempts in that regard?

[Schulze:] No.

Q. Did you make any attempts in that regard in 1987?

[Schulze:] No.

Q. Did you attempt to work — to find work in any other business or trade other than painting or the nursing care trade that you're in now at the nursing home?

[Schulze:] No.

Q. What experience did you have to get the job as a nurse's aide? Do you have some training?

[Schulze:] I had — I was under court order to find a job or go to jail.

Jones, Arnold's former partner in the painting business, testified that, immediately after dissolution of his partnership with Arnold, Jones obtained employment as a painter at the rate of $11.50 per hour with an average of 40 hours per week.

Rose continued to earn $12,000. One of the Schulze children in Rose's custody, 4-year-old Timothy, has cerebral palsy and is myelencephalic, with hearing and visual difficulties. Rose receives Social Security benefits which are strictly and solely for

Timothy's needs. If Arnold were paying child support for Timothy in accordance with the initial decree, Rose would not receive any Social Security benefits for Timothy. Current living expenses for Rose and the three Schulze children are $1,758, but Rose must borrow from her family and a credit union to help pay those expenses.

Based on the foregoing evidence, the district court reduced Arnold's child support payments to $75 per month per child, that is, a total of $225 per month for the three Schulze children in Rose's custody, and, in accordance with the parties' stipulation without supporting evidence, altered the visitation rights previously allowed in the initial dissolution decree of March 26, 1987.

## ASSIGNMENTS OF ERROR

Rose Schulze appeals and contends that the district court erred in modifying the dissolution decree by reducing Arnold Schulze's child support payments.

## STANDARD OF REVIEW

"In an appeal involving an action for dissolution of marriage, the Supreme Court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, the Supreme Court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another."

*Huffman v. Huffman*, 236 Neb. 101, 104, 459 N.W.2d 215, 219 (1990). Accord, *Ritter v. Ritter*, 234 Neb. 203, 450 N.W.2d 204 (1990); *Ensrud v. Ensrud*, 230 Neb. 720, 433 N.W.2d 192 (1988).

## CHILD SUPPORT PAYMENT: MODIFICATION OF DECREE

A party seeking to modify a marital dissolution decree concerning custody, support, or visitation of a child has the burden to show a material change of circumstances affecting

the best interests of the child. See, *Huffman v. Huffman, supra*; *Kennedy v. Kennedy*, 221 Neb. 724, 380 N.W.2d 300 (1986); *Hoschar v. Hoschar*, 220 Neb. 913, 374 N.W.2d 64 (1985); *Krohn v. Krohn*, 217 Neb. 158, 347 N.W.2d 869 (1984).

To justify a modification of a divorce decree, there must be a showing of a material change in the circumstances subsequent to the entry of the dissolution decree. . . .

"Material change in circumstances" in reference to modification of child support is analogous to modification of alimony for "good cause." . . . "Material change in circumstances" eludes precise and concise definition. Courts may consider various factors to determine if a material change in circumstances has occurred. Among some of the factors or circumstances considered by a court are a change in the financial resources or ability to pay on the part of the parent obligated to pay support, needs of the child or children for whom support is paid, good or bad faith motive of the obligated parent in sustaining a reduction of income, and the duration of the change, namely, whether the change is temporary or permanent. . . . Alteration and passage from one condition to another is essential for a material change in circumstances.

(Citations omitted.) *Morisch v. Morisch*, 218 Neb. 412, 413, 355 N.W.2d 784, 785-86 (1984). See, also, *Fogel v. Fogel*, 184 Neb. 425, 168 N.W.2d 275 (1969) (one may in good faith make an occupational change even though that change may reduce financial ability to satisfy child support obligations, unless such change is made to avoid child support obligations or made in bad faith).

The paramount concern and question in determining child support, whether in the initial marital dissolution action or in proceedings for modification of a decree, is the best interests of the child. *Dobbins v. Dobbins*, 226 Neb. 465, 411 N.W.2d 644 (1987); *Wagner v. Wagner*, 224 Neb. 155, 396 N.W.2d 282 (1986).

Neb. Rev. Stat. § 42-364(4) (Reissue 1988) provides in part: "In determining the amount of child support to be paid by a parent, the court shall consider the earning capacity of each

parent . . . ." Consequently, we hold that parental earning capacity is a factor to be considered with the best interests of a child in determining the amount of child support.

Although the amount of Arnold's income has changed from entry of the initial decree, we find that his earning capacity has not altered and diminished after the initial decree. Also, Jones' testimony indicates that Arnold could have earned reasonably substantial income as a painter after dissolution of the Schulze-Jones partnership and before the modification hearing. As far as we can determine, the reduction in Arnold's income is attributable to his personal wishes and not the result of unfavorable or adverse conditions in the economy, Arnold's health, or other circumstances affecting Arnold's earning capacity. Consequently, we conclude that there is no change of circumstances warranting a modification of the child support payments prescribed by the dissolution decree of March 26, 1987. For that reason, the district court abused its discretion when it modified the Schulze dissolution decree concerning child support. See *Ensrud v. Ensrud, supra* ("abuse of discretion" characterized; child custody question).

## CONCLUSION

Since we have set aside the district court's modification order or judgment, we accordingly reinstate the schedule and amount of child support payments prescribed in the Schulze dissolution decree of March 26, 1987.

Also, we find no evidence to support a change in the visitation rights reflected in the dissolution decree. Although the parties stipulated for a change in Arnold's child visitation rights, nevertheless, "[c]hild visitation rights for a parent . . . are considered and determined in relation to the best interests of the child or children." *Huffman v. Huffman*, 236 Neb. 101, 109, 459 N.W.2d 215, 221 (1990). See, also, § 42-364. The record reflects only the parties' stipulation for disposition of child visitation rights, but no evidence concerning the best interests of the Schulze children in reference to Arnold's child visitation rights. A determination of the best interests of a child or children includes a judicial decision based on evidence, not exclusively on a parental stipulation for disposition of a

question concerning the parties' child or children. Hence, we set aside the district court's order modifying the child visitation rights contained in the March 26, 1987, dissolution decree.

We order Arnold A. Schulze to pay Rose E. Schulze $750 to be applied toward her attorney fees for services in this court.

Finally, the district court is directed to dismiss Arnold A. Schulze's application for modification of the dissolution decree.

REVERSED AND REMANDED WITH DIRECTION.