MARY M. PATTRIN, NOW KNOWN AS MARY M. LAUX, APPELLEE, V.
STEPHEN M. PATTRIN, JR., APPELLANT.
479 N.W.2d 122

Filed January 24, 1992.　No. 89-768.

Thomas J. Young, of Young & LaPuzza, for appellant.

Albert L. Feldman and Brent M. Kuhn, of Harris, Feldman, Stumpf Law Offices, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

Stephen M. Pattrin, Jr., appeals from the order of the district court for Douglas County which increased Pattrin's monthly child support payment from $150 to $382.50 per month and required him to pay $32 per month in child-care expenses in addition to the child support obligation. Stephen Pattrin contends that the district court erred by (1) finding that there was a material change in circumstances that justified modification of his support obligation and (2) requiring him to pay child-care expenses for the 6-year-old daughter born to Mary M. Laux, formerly Mary M. Pattrin, during her marriage subsequent to the divorce from Stephen Pattrin.

## STANDARD OF REVIEW

"A party seeking to modify a marital dissolution decree concerning custody, support, or visitation of a child has the

burden to show a material change of circumstances affecting the best interests of the child." *Schulze v. Schulze*, 238 Neb. 81, 84-85, 469 N.W.2d 139, 142 (1991). Accord, *Huffman v. Huffman*, 236 Neb. 101, 459 N.W.2d 215 (1990); *Christen v. Christen*, 228 Neb. 268, 422 N.W.2d 92 (1988).

In an appeal involving an action for dissolution of marriage, the Supreme Court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, the Supreme Court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another.

*Huffman v. Huffman*, 232 Neb. 742, 747-48, 441 N.W.2d 899, 903-04 (1989). Accord, *Schulze v. Schulze, supra*; *Ritter v. Ritter*, 234 Neb. 203, 450 N.W.2d 204 (1990); *Ensrud v. Ensrud*, 230 Neb. 720, 433 N.W.2d 192 (1988).

## CHILD SUPPORT AWARD

The marital dissolution decree for Mary and Stephen Pattrin was entered on February 6, 1980, and required that Stephen pay $150 per month for each of Pattrins' three children, whose custody was granted to Mary Pattrin, namely, Stephen, Jodi, and Ryan Pattrin. On July 9, 1985, the dissolution decree was modified so that custody of Jodi was placed with her father, Stephen, while custody of Ryan remained with Mary Pattrin. Apparently, Pattrins' son Stephen was no longer legally affected by the dissolution decree, since the 1985 modification did not refer to custody or support for the child Stephen. Otherwise, the 1980 dissolution decree remained unchanged regarding child support for Ryan Pattrin.

Pursuant to action by this court, the Nebraska Child Support Guidelines became effective October 1, 1987.

Mary Laux, formerly Mary Pattrin, on March 8, 1989, requested a modification of the dissolution decree and an increase in child support for Ryan Pattrin in conformity with the Nebraska Child Support Guidelines. After a hearing, the

court modified Stephen's support obligation and, in view of the child support guidelines, increased Stephen's child support payment from $150 to $382.50 per month for Ryan Pattrin.

Stephen Pattrin does not contest the factual basis for the district court's findings regarding child support or the court's computation of child support in conformity with the Nebraska Child Support Guidelines; rather, Stephen Pattrin questions whether the child support guidelines, which became effective on October 1, 1987, constitute a material change of circumstances, required for modification of a previously ordered child support obligation, or, as expressed by Stephen Pattrin:

> The theory upon which this case was tried to the lower court was that the child support guidelines instituted by the Nebraska Supreme Court were sufficient justification for a modification of the Decree herein with regard to child support, assuming that the use of such schedules would evidence a different amount of child support to be paid than that evidenced in the decree.

Brief for appellant at 6-7.

As this court stated in *Schmitt v. Schmitt, ante* p. 632, 637, 477 N.W.2d 563, 566 (1991), "adoption of the Nebraska Child Support Guidelines effective October 1, 1987, constituted a material change of circumstances sufficient to justify consideration of proposed modification of child support orders entered before that date." Accord *Phelps v. Phelps, ante* p. 618, 477 N.W.2d 552 (1991). Consequently, the Nebraska Child Support Guidelines are a material change in circumstances for modification of Stephen Pattrin's child support obligation expressed in the 1980 marital dissolution decree. For that reason, we affirm the district court's modification of the marital dissolution decree concerning child support payments for Ryan Pattrin.

## CHILD-CARE EXPENSES

The district court also found that Mary Laux "is expending as child care expenses for the minor child born of this marriage the sum of $32 per month, which sum represents child care expenses incurred by the petitioner to enable her to visit her

doctor for medical examinations and treatments." However, as a result of our de novo review of the record, we find that the child-care expenses questioned in this appeal were in fact incurred for Mary Laux's minor daughter born of the Laux marriage subsequent to the Pattrin divorce. On direct examination during the modification hearing, Mary Laux testified:

Q. And have you since remarried?
A. Yes.
Q. And do you have children as a result of your new marriage?
A. Yes, I have one.
Q. And how old is she?
A. She is six.
Q. Is she in your custody?
A. Yes.

. . . .

Q. About how often would you have a doctor's appointment?
A. Usually twice a week.
Q. And since you have a six-year-old daughter, do you have to have a sitter for that?
A. Yes, I do.
Q. And what does the sitter cost you per hour?
A. Usually around $2 an hour.

. . . .

Q. . . . . [I]n regard to child care, does the $32 a month represent the child care that you will have to spend in order to make your physicians' appointments?
A. Yes.

Thus, evidence at the modification hearing clearly and indisputably established that Stephen Pattrin is not the father of Mary Laux's 6-year-old daughter. Under Nebraska law, only parents may be ordered to pay child support or expenses for child care pursuant to a decree of marital dissolution. See Neb. Rev. Stat. § 42-364(4) (Reissue 1988): "[C]hild support [is] to be paid by a parent . . . ." See, also, Nebraska Child Support Guidelines, paragraph A: "The main principle behind these guidelines is to recognize the equal duty of both parents to

contribute to the support of their children in proportion to their respective net incomes." On the basis of the record presented, Stephen Pattrin has no legal responsibility to pay child support or child-care expenses for Mary Laux's daughter because he is not a parent of the child. Hence, the district court abused its discretion in requiring that Stephen Pattrin pay child-care expenses concerning Mary Laux's daughter. Therefore, we modify the judgment of the district court by deleting from the district court's order any requirement that Stephen Pattrin pay $32 per month for child-care expenses of Mary Laux's daughter.

Although we have considered the matter of an attorney fee regarding counsels' representation in this court, we decline to order any attorney fee concerning the proceedings in this court.

AFFIRMED AS MODIFIED.

CAPORALE, J., not participating in the decision.