REUBEN G. SCHMALE, APPELLANT AND CROSS-APPELLEE, V.
DEANNA L. SCHMALE, APPELLEE AND CROSS-APPELLANT.
482 N.W.2d 268

Filed April 10, 1992.    No. S-91-820.

James L. Birkel, of Egr & Birkel, for appellant.

Donn K. Bieber, of Otradovsky, Bieber & Westadt, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The marital dissolution decree for Reuben G. and Deanna L. Schmale was entered on May 18, 1988, and required Reuben Schmale to pay $300 per month for support of Schmales' three children, Jason, Justin, and Jessica, whose custody was granted to Deanna Schmale. On July 24, 1991, the dissolution decree was modified and custody of Jason and Justin was placed with Reuben Schmale, while custody of Jessica remained with Deanna Schmale. Additionally, the district court ordered Reuben Schmale to pay $200 per month child support for the care and custody of Jessica.

Both parties assign error from the district court's judgment. Reuben Schmale's assignments of error may be summarized as follows: (1) The district court abused its discretion by failing to change the custody of Jessica to Reuben Schmale, and (2) the district court abused its discretion by ordering Reuben Schmale to pay $200 per month child support and not ordering Deanna Schmale to pay child support for Jason and Justin. In her cross-appeal, Deanna Schmale contends (1) the district court abused its discretion by changing custody of Jason Schmale from her to Reuben Schmale, and (2) the district court abused its discretion by declining to award an attorney fee for Deanna Schmale's lawyer.

STANDARD OF REVIEW

" 'A party seeking to modify a marital dissolution decree

concerning custody, support, or visitation of a child has the burden to show a material change of circumstances affecting the best interests of the child.' " *Pattrin v. Pattrin*, 239 Neb. 844, 844-45, 479 N.W.2d 122, 123 (1992). Accord, *Schulze v. Schulze*, 238 Neb. 81, 469 N.W.2d 139 (1991); *Huffman v. Huffman*, 236 Neb. 101, 459 N.W.2d 215 (1990).

"Appellate review of a judgment concerning modification of a marital dissolution decree is de novo on the record to determine whether the trial court abused its discretion concerning modification." *Huffman v. Huffman*, 236 Neb. at 104, 459 N.W.2d at 219. Accord *Morisch v. Morisch*, 218 Neb. 412, 355 N.W.2d 784 (1984).

> In an appeal involving an action for dissolution of marriage, an appellate court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, the appellate court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another.

*Stuhr v. Stuhr, ante* p. 239, 243, 481 N.W.2d 212, 214 (1992). Accord, *Pattrin v. Pattrin, supra*; *Schulze v. Schulze, supra*; *Ritter v. Ritter*, 234 Neb. 203, 450 N.W.2d 204 (1990).

Based on our de novo review, and having considered the Nebraska Child Support Guidelines, we find no abuse of discretion by the district court in its orders entered in Schmales' case.

AFFIRMED.