STATE OF NEBRASKA EX REL. KATHY LYNN CROOK, APPELLANT, V. JOE MENDOZA, APPELLEE.

491 N.W.2d 62

Filed June 2, 1992.   No. A-90-464.

Robert Wm. Chapin, Jr., for appellant.

Thomas R. Lamb, of Berry, Anderson, Creager & Wittstruck, for appellee.

SIEVERS, Chief Judge, and HANNON and WRIGHT, Judges.

SIEVERS, Chief Judge.

Kathy Lynn Crook (now Kathy Lynn Allen) appeals the order of the district court for Lancaster County which denied her petition to modify a child support decree. The district court found that Crook had failed to prove a material change of circumstances.

A party seeking to modify a marital dissolution decree concerning custody, support, or visitation of a child has the burden to show a material change of circumstances affecting the best interests of the child. *Pattrin v. Pattrin*, 239 Neb. 844, 479 N.W.2d 122 (1992); *Schulze v. Schulze*, 238 Neb. 81, 469 N.W.2d 139 (1991).

Modification of child support is an issue entrusted to the discretion of the trial court. Appellate review of such issues is de novo on the record, but absent an abuse of discretion by the trial court, its decision will be affirmed on appeal. The de novo review is also qualified by the fact that where there is a conflict in the evidence, weight is given to the fact that the trial court saw and heard the witnesses and accepted one version of the facts as opposed to the other. *Kroenke v. Kroenke*, 239 Neb. 699, 477 N.W.2d 583 (1991); *Phelps v. Phelps*, 239 Neb. 618, 477 N.W.2d 552 (1991).

Kathy Lynn Crook and Joe Mendoza are the parents of two children, Maria Ann Crook and Michael J. Crook. Crook has custody of the children. In April 1979, a decree was entered by the district court for Lancaster County, granting support payments to be paid by Mendoza in the amount of $85 per child

per month beginning May 1, 1979. On August 9, 1989, Crook filed a petition to modify the decree. On April 19, 1990, a trial was held in the Lancaster County District Court. The only issue before the trial court was whether child support should be increased, decreased, or remain the same.

On April 25, 1990, the district court ruled that Crook had failed to sustain her burden of proof of showing a material change of circumstances, and therefore the court did not modify the support payments in any manner. This appeal followed.

The Nebraska Child Support Guidelines became effective October 1, 1987, pursuant to action by the Nebraska Supreme Court. In her petition to modify the support decree, Crook requested an increase in child support for the children of the parties in conformity with the Nebraska Child Support Guidelines. The trial court specifically found that the mere enactment of the Nebraska Child Support Guidelines by the Nebraska Supreme Court does not, in and of itself, constitute a material change of circumstances.

The Nebraska Supreme Court has recently determined that the enactment of the Nebraska Child Support Guidelines does constitute a material change of circumstances sufficient to justify consideration of proposed modification of child support orders entered before October 1, 1987. *Schmitt v. Schmitt*, 239 Neb. 632, 477 N.W.2d 563 (1991); *Pattrin v. Pattrin, supra.* The Nebraska Supreme Court has also held that if the guidelines constitute a material change of circumstances, the guidelines must be used to determine the new support amount. *Schmitt, supra.* Generally, child support payments should be set according to guidelines established by the Supreme Court. *Knippelmier v. Knippelmier*, 238 Neb. 428, 470 N.W.2d 798 (1991). Child support shall be established in accordance with these guidelines unless the court finds that one or both parties have produced sufficient evidence to rebut the presumption that the application of the guidelines will result in a fair and equitable child support order. Neb. Rev. Stat. § 42-364.16 (Reissue 1988).

The trial court did not apply the Nebraska Child Support Guidelines. Since the original support decree was entered prior

to the enactment of the guidelines, the trial court should have considered the motion for modification based on the child support guidelines.

Our review of the record indicates that an increase in Mendoza's child support obligation will quite likely occur on remand. The district court also observed that under the guidelines, Mendoza's support would be substantially more. Therefore, the question the court must now consider is when Mendoza's child support obligation, if modified, would become effective. The general rule in Nebraska has been to allow a modification of a child support order prospectively from the time of the modification order itself. *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991).

Upon occasion, however, depending upon the equities involved, the Supreme Court has approved modification of a child support order retroactive to the filing of the application for modification. *Id*. A retroactive application in the present case would increase the support obligation. We believe that the equities involved in this case require that the modified support obligation become effective as of the time the original ruling on modification was made by the district court. The main principle behind the child support guidelines is to recognize the equal duty of both parents to contribute to the support of their children in proportion to their respective net incomes. See *Pattrin v. Pattrin, supra*. Had the district court modified Mendoza's child support obligation using the guidelines, as it should have, the children and the custodial parent would have had the benefit of the increase required by the guidelines from April 25, 1990 (the date of the district court order), until now. As a result, Mendoza's support obligation would have accurately reflected the proper level of support which he should have been paying for his children based on the parties' net incomes as adduced at trial in April 1990. When it can be avoided, the children and the custodial parent should not be penalized by the delay present in the appeal process, nor should the father profit. To hold that the children are not entitled to the benefit of increased child support during the 2 years this matter was pending appellate review would be inequitable. Accordingly, we adopt a retroactive application in this case as

the most equitable result and the one which is most favorable to the children.

The decision of the district court for Lancaster County, Nebraska, is reversed, and the cause is remanded with directions to calculate the amount of child support in accordance with the Nebraska Child Support Guidelines, using the evidence adduced at the trial on April 19, 1990. The revised amount of monthly child support established under the Nebraska Child Support Guidelines shall begin with the month of May 1990, the first month following the trial court's decision of April 25, 1990.

REVERSED AND REMANDED WITH DIRECTIONS.