TERRY EUGENE NORRIS, APPELLANT, V. KAREN JEAN NORRIS, APPELLEE.

512 N.W.2d 407

Filed February 15, 1994.    No. A-93-358.

Samuel G. Kaplan and John M. Gerrard, of Gerrard, Stratton & Mapes, P.C., for appellant.

Frank J. Skorupa for appellee.

CONNOLLY, HANNON, and WRIGHT, Judges.

WRIGHT, Judge.

Terry Eugene Norris appeals an order of the district court which modified a dissolution decree and expanded the visitation rights of his ex-wife, Karen Jean Norris. We reverse, and remand for an evidentiary hearing on the issue of visitation and the best interests of the children.

## FACTS

· A decree of dissolution of the marriage of Terry and Karen Norris was entered on April 30, 1992, which gave Terry custody of the minor children: Brooke Adrienne Norris, born September 15, 1980; Luke Aaron Norris, born January 28, 1982; and Nick Anthony Norris, born March 5, 1985. Karen was to have reasonable and liberal rights of visitation, but no specifics were mentioned concerning visitation. An oral stipulation regarding custody and visitation made in open court was found to be proper, reasonable, and not unconscionable and was approved, and the court ordered compliance with the stipulation. Karen appealed, and then, on her motion, this court dismissed the appeal.

When the parties later disagreed about visitation, Karen filed a motion on October 27, 1992, asking that the district court specifically define the visitation rights. On November 20, a hearing was held, and the matter was taken under advisement. The court entered an order on December 15 defining the visitation schedule. The schedule provided that Karen could visit the children every other weekend, with holiday weekends to be divided between the two parents. Karen was also given 30 days' visitation in the summer. On the same day, Karen filed a motion for new trial on her motion for specific visitation and alleged the specific visitation ordered by the court was contrary

to the terms of the decree and the agreement of the parties.

On December 31, the court took Karen's motion for new trial under advisement. By order filed April 9, 1993, the court sustained the motion for new trial and "upon the evidence" found that Karen should have liberal rights of visitation. The court proceeded to specifically set forth the times and dates of visitation.

Our review of the record shows that between the date of the motion for new trial on December 15, 1992, and the issuance of the court order defining visitation in April 1993, no testimony or evidence was offered or received regarding the issue of specific visitation.

Terry appeals from that order, asserting that the district court erred in modifying the dissolution decree by ordering specific visitation without a hearing or presentation of evidence. He argues that the record is devoid of any evidence that would allow the court to modify or specifically define Karen's visitation rights. Terry asks that this court vacate the court order regarding visitation and remand the cause for an evidentiary hearing.

## DISCUSSION

A party seeking to modify a marital dissolution decree concerning custody, support, or visitation of children has the burden to show a material change of circumstances affecting the best interests of the children. *Wulff v. Wulff*, 243 Neb. 616, 500 N.W.2d 845 (1993); *Schulze v. Schulze*, 238 Neb. 81, 469 N.W.2d 139 (1991). Where modification of a dissolution decree is made during the 6-month period provided by Neb. Rev. Stat. § 42-372 (Reissue 1988), such modification can be made only upon good cause shown after notice to all interested parties and a hearing.

The best interests of the children must be considered when determining visitation rights for a parent. *Schulze, supra.* In *Schulze*, the original decree provided that the noncustodial parent should have reasonable and liberal visitation rights. Prior to a hearing on a request for modification of child support, the parties had stipulated to a change in visitation. However, the Supreme Court found no evidence to support a

change in the visitation rights as provided in the original decree. The court held that the determination of the best interests of a child requires a judicial decision based on evidence.

In *Neujahr v. Neujahr*, 218 Neb. 585, 357 N.W.2d 219 (1984), the wife instituted contempt proceedings against the husband following the dissolution decree, claiming that the husband had withheld personal property assigned to her. No findings of contempt were entered, but the trial court modified its original decree without either notice or a hearing. The Supreme Court pointed out that the trial court had made a sincere effort to adjust the parties' claims, but where modification of a dissolution decree is made during the 6-month period provided by § 42-372, such modification can be made only upon good cause shown after notice to all interested parties and a hearing. Since there was no evidence to support the contempt motions, the judgment of the district court was reversed, and the cause remanded with directions to dismiss.

In the present case, we have no record of the offer or receipt of evidence which related to the modification of the visitation or the best interests of the Norris children. The parties had stipulated at the time of the original decree that Karen would have reasonable and liberal visitation. There was no appeal pending from that decree at the time this action was instituted.

Karen filed a motion requesting that the court make visitation more specific. We consider this application as a request for modification of the decree.

On November 20, 1992, Karen submitted a proposed visitation schedule, which outlined visitation as spelled out in the Supreme Court case *Wilson v. Wilson*, 224 Neb. 589, 399 N.W.2d 802 (1987). Terry submitted a copy of the "Ninth Judicial District Suggested Uniform Visitation Order." This was the extent of the information presented to the court, and neither of these items specifically addressed the best interests of the children, which are the primary concern in determining visitation.

The party seeking to modify visitation has the burden to show a material change of circumstances affecting the best interests of the child. *Schulze, supra.* Neb. Rev. Stat. § 42-364

(Cum. Supp. 1992) states that subsequent changes regarding visitation may be made by the court after a hearing on such notice as prescribed by the court. A hearing defining specific rights of visitation requires the presentation of evidence concerning the visitation schedule and evidence which explains how and why the visitation schedule would be in the best interests of the children.

In determining a child's best interests under § 42-364(1), the court may consider factors such as general considerations of the moral fitness of the child's parents, including the parents' sexual conduct; the respective environments offered by each parent; the emotional relationship between the child and parents; the age, sex, and health of the child and parents; the effect on the child as the result of continuing or disrupting an existing relationship; the attitude and stability of each parent's character; the parental capacity to provide physical care and satisfy educational needs of the child; the child's preferential desire regarding custody if the child is of sufficient age of comprehension, regardless of chronological age, and when such child's preference for custody is based on sound reasons; and the general health, welfare, and social behavior of the child. *McDougall v. McDougall*, 236 Neb. 873, 464 N.W.2d 189 (1991); *Beran v. Beran*, 234 Neb. 296, 450 N.W.2d 688 (1990). We have no indication here that any of these factors were taken into consideration.

## CONCLUSION

We find that the district court abused its discretion in failing to receive evidence on the issue of visitation and the best interests of the children. We reverse, and remand with directions to hold a hearing on this issue.

REVERSED AND REMANDED WITH DIRECTIONS.