CORINNE AHRENS, APPELLANT, V. RODNEY CONLEY, APPELLEE.

563 N.W.2d 370

Filed May 6, 1997.    No. A-96-1063.

Mary Morgan Cote for appellant.

Galen E. Stehlik, of Lauritsen, Brownell, Brostrom, Stehlik & Thayer, for appellee.

MILLER-LERMAN, Chief Judge, and HANNON and INBODY, Judges.

MILLER-LERMAN, Chief Judge.

Corinne Ahrens appeals from the order of the district court for Hall County which granted, in part, Rodney Conley's petition for modification of paternity decree. Specifically, Ahrens objects to the portions of the trial court's order which granted Conley increased visitation and denied Ahrens' motion for attorney fees. For the reasons recited below, we affirm.

## BACKGROUND

The parties have one child, Whitney Ahrens, born March 15, 1987. An initial order establishing paternity, support, and visitation was entered on November 2, 1988. Visitation by Conley was increased by modification thereto on November 28, 1994.

On June 28, 1996, Conley filed a petition for modification of paternity decree, seeking increased visitation and a modification of child support due to an "on-the-job injury" sustained in December 1995.

Following a hearing on September 12 and 13, 1996, the trial court entered its order on September 16, denying Conley's request for modification of child support. No appeal has been taken from that portion of the order. The trial court granted Conley's request for modification of visitation. The trial court increased Conley's visitation with Whitney by directing that weekend visitation, set for every other weekend of the month, commence at 5:30 p.m. on Friday, rather than at 9 a.m. on Saturday; that Conley be granted visitation with Whitney on Wednesday evenings during the weeks he did not have weekend visitation; and that Conley have 2 weeks' summer visitation with Whitney commencing with the summer of 1997, with written notice to Ahrens by May 1. Ahrens' request for attorney fees was denied. Ahrens appealed that part of the order increasing visitation and denying her request for attorney fees.

As noted above, the hearing on Conley's petition for modification was conducted on September 12 and 13, 1996. Conley and Ahrens testified. Whitney was examined by the court with counsel present on September 13.

Conley testified generally that he is 44 years old and that he is trained in and has worked in the heating and air conditioning area. He was injured on the job in December 1995 and was unable to work until May 1996. During this period of temporary total disability, he was available for increased visitation, but the record indicates none was permitted by Ahrens. He is making plans to become self-employed, and as a result, he expects to have greater control over his work schedule, thereby facilitating increased visitation with Whitney. Conley testified that he has adhered to the visitation awarded him and that Ahrens will not vary the schedule or grant him additional time with Whitney. Conley stated that he and Whitney like to play with their dog; that Whitney has his own bedroom at Conley's house; that there is a basketball hoop set up for Whitney in Conley's shop; that Conley and Whitney like to fish, camp, and play catch; and that Conley hopes that Whitney will learn his father's trade. Conley indicated that he is not satisfied with the court-ordered visitation.

Ahrens testified that she was opposed to increased visitation by Whitney with his father because the visits result in negative behaviors by Whitney upon his return to Ahrens. In this regard, she stated that after visitations with Conley, Whitney is disrespectful, talks back, and punches and kicks walls. Ahrens acknowledged that Whitney and Conley sometimes go to Conley's mother's home and that Ahrens does not object to this. Ahrens and Conley live near each other. Ahrens cares for children, including foster children who live in her home, for which she is paid. Ahrens was ambivalent about whether Whitney should speak with the trial judge, although she acknowledged that Whitney's voice should be heard.

The trial judge examined Whitney with counsel present. In summary, Whitney indicated that he would like more time with Conley.

As noted above, the trial judge increased Conley's visitation and denied Ahrens' request for attorney fees. Ahrens appeals.

## ASSIGNMENTS OF ERROR

Ahrens assigns as error the trial court's finding that there was a change of circumstances requiring that visitation be modified and the trial court's denial of her request for attorney fees.

## STANDARD OF REVIEW

An appellate court reviews proceedings for modification of a dissolution decree de novo on the record and will affirm the judgment of the trial court absent an abuse of discretion. *Adrian v. Adrian*, 249 Neb. 53, 541 N.W.2d 388 (1995); *Welch v. Welch*, 246 Neb. 435, 519 N.W.2d 262 (1994). Issues surrounding children in filiation proceedings are treated, to the extent possible, like those of children born in wedlock. See, *State on behalf of Matchett v. Dunkle*, 244 Neb. 639, 508 N.W.2d 580 (1993) (holding that out-of-wedlock child should be supported to same extent and manner as child born in wedlock); *Lancaster v. Brenneis*, 227 Neb. 371, 417 N.W.2d 767 (1988) (holding that in filiation proceedings, questions concerning custody and visitation of child are resolved on basis of child's best interests).

## ANALYSIS

*Modification.*

In its order granting Conley increased visitation, the trial court noted that there had been "a change of circumstances concerning the schedule of [Conley] and the age of the child. Above all the controlling factor is the best interests of the minor child . . . ." Ahrens appeals from these findings.

Ahrens argues that the trial court erred in modifying visitation because there was no material change in circumstances. Ahrens further argues that Conley did not establish that increased visitation with Whitney was in Whitney's best interests. Ahrens claims that Conley's evidence shows simply that he was not satisfied with visitation. Ahrens argues that although Whitney is older, this is not good grounds for modification and that the fact that Conley and Whitney enjoy spending time is not a material change in circumstance. Ahrens argues that the fact that Conley will be self-employed suggests that he will have less time available for Whitney rather than more.

In contrast, Conley claims that the evidence shows that his schedule has changed and that Whitney is older and that, taken together, there has been a material change in circumstances. Conley also notes that Whitney's preferences are relevant. Conley argues that the record taken as a whole shows that increased visitation is in Whitney's best interests. We agree with Conley that the order of increased visitation is in the best interests of Whitney.

Child visitation rights of a parent are considered and determined in relation to the best interests of the child. *Huffman v. Huffman*, 236 Neb. 101, 459 N.W.2d 215 (1990). The party seeking to modify visitation has the burden to show a material change in circumstances affecting the best interests of the child. *Schulze v. Schulze*, 238 Neb. 81, 469 N.W.2d 139 (1991); *Muller v. Muller*, 3 Neb. App. 159, 524 N.W.2d 78 (1994); *Norris v. Norris*, 2 Neb. App. 570, 512 N.W.2d 407 (1994). The phrase "change in circumstances" should not be mechanically construed. *Marez v. Marez*, 217 Neb. 615, 350 N.W.2d 531 (1984).

Ahrens claims that a change in Whitney's age was anticipated at the time of the original order and, therefore, is not a change in circumstances. Ahrens maintains that Whitney's age is not relevant to the evaluation of Conley's petition for modification. We do not agree. The recent cases referring to age, albeit in the context of child support, indicate that the increased age of the child plus other relevant evidence can support a modification. See, e.g., *Dobbins v. Dobbins*, 226 Neb. 465, 411 N.W.2d 644 (1987); *Wagner v. Wagner*, 224 Neb. 155, 396 N.W.2d 282 (1986). Compare *Graber v. Graber*, 220 Neb. 816, 374 N.W.2d 8 (1985).

Ahrens also argues that Conley's new work schedule as a self-employed person is not controlling in establishing a visitation schedule. Ahrens speculates to the contrary that Conley's new work schedule will make him less available to visit with Whitney.

The record shows that Conley had regular hours as an employee of a heating and air conditioning company at the time of the decree and before his work-related accident. Conley testified that he was available for increased visitation during his

temporary total disability and that at the time of the hearing he was embarking on self-employment. The trial court evidently believed that Conley's schedule had changed, that he was earnest in his expressed desire for more visitation, and that there had been a material change in circumstances pertaining to his availability. Where the evidence is in conflict on a material issue of fact, the appellate court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Sabatka v. Sabatka*, 245 Neb. 109, 511 N.W.2d 107 (1994); *State ex rel. Reitz v. Ringer*, 244 Neb. 976, 510 N.W.2d 294 (1994). Following our review of the record, we conclude that the trial court did not err in finding that there had been a change in circumstances concerning Conley's schedule.

In our appellate review of the trial court's order, we further note that the trial court examined Whitney and that the examination was illuminating. Without repeating the facts here, it is clear that Whitney indicated that he wanted to spend more time with Conley. Although Whitney's wishes are not controlling, they are relevant and weigh in favor of the modification increasing Conley's visitation. See *Sullivan v. Sullivan*, 249 Neb. 573, 544 N.W.2d 354 (1996) (holding that child's wishes should not be disregarded in connection with custody decision).

In *Hibbard v. Hibbard*, 230 Neb. 364, 431 N.W.2d 637 (1988), the Nebraska Supreme Court recognized that visitation is a key ingredient in raising a child after divorce and that it is in the child's best interests to be with his or her respective parents to the utmost. We logically apply that principle to the instant filiation proceeding. Based on the foregoing, we cannot conclude that the district court abused its discretion in concluding it was in Whitney's best interests that Conley's petition for modification be granted and in granting increased visitation.

### Attorney Fees.

Ahrens argues that Conley's petition for modification was frivolous, that there had not been a material change in circumstances, and that Conley failed to show why increased time with Whitney would be in Whitney's best interests. Although attorney fees are not ordinarily available in filiation proceedings,

*State ex rel. Reitz v. Ringer, supra*, such fees may be awarded where a filiation action is frivolous, *State ex rel. Mooney v. Duer*, 1 Neb. App. 84, 487 N.W.2d 575 (1992). For the reasons stated above, we conclude that the trial court did not err in granting Conley's petition for modification. Conley's petition for modification was not frivolous, and he met his burden of proof. In view of the above conclusions, the trial court did not abuse its discretion in denying Ahrens' request for attorney fees.

AFFIRMED.