KENNETH GALE REINSCH, APPELLANT AND CROSS-APPELLEE, V.
AVA IRENE REINSCH, APPELLEE AND CROSS-APPELLANT.
602 N.W. 2d 261

Filed November 16, 1999.    No. A-99-137.

David L. Kimble for appellant.

Kathy Pate Knickrehm and David B. Downing, of Downing, Alexander, Wood & Ilg, for appellee.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

SIEVERS, Judge.

Ava Irene Reinsch filed a petition to modify the amount of child support being paid by Kenneth Gale Reinsch for their son, Eric. The district court for Seward County increased Kenneth's monthly support obligation from $200 to $683. The court also extended his payments until Eric reaches the age of 19, versus age 18 as was set forth in the parties' property settlement agreement which was incorporated into their divorce decree. Kenneth has appealed, and Ava cross-appeals because the court failed to make the increase retroactive.

## BACKGROUND

Kenneth and Ava were married on April 20, 1974. The couple had one child, Eric, born November 6, 1981, during the marriage. The parties' marriage was dissolved pursuant to a decree of dissolution dated May 5, 1986, which incorporated verbatim the parties' property settlement agreement dated February 19, 1986. The agreement provided that Ava would have custody of Eric, and Kenneth would pay to Ava $200 per month in child support "until the child reaches the age of 18, dies, marries, or becomes emancipated." Ava was not represented by an attorney; however, the trial court in the dissolution action found the agreement drawn up by Kenneth's attorney to be fair, reasonable, and not unconscionable. Both Ava and Kenneth testified in the instant proceeding that they did not know at the time they signed the property settlement agreement that child support ordinarily goes to the end of the child's minority, which is age 19, rather than the age of 18 which was stated in the agreement.

Ava filed a petition to modify the decree on February 24, 1998. The trial was scheduled for September 15; however, Kenneth's attorney filed a motion to continue on September 3 due to a conflict. The court rescheduled the trial for October 20, but Kenneth's attorney again filed a motion to continue as he was going to be out of the state on that date.

The trial on Ava's petition to modify was finally held on November 24, 1998. The evidence shows that Kenneth earns approximately $4,300 gross per month as an instructor at a community college and that Ava makes about $1,400 gross per

month working at a law firm and keeping books for her husband's body shop.

The district court found that Kenneth should contribute 72 percent of Eric's support, or $683 per month, and pay such support until Eric reaches the age of 19. While Ava requested that the increased payments be applied retroactively to the date she filed her petition to modify, which was February 24, 1998, the court ordered the increased payments to start on January 1, 1999. The court also ordered Kenneth to pay for 72 percent of Eric's future medical expenses not reimbursed by insurance. Subsequently, over Kenneth's objection, the court also ordered Kenneth to pay $1,500 toward Ava's attorney fees and costs. Kenneth's motion for a new trial was denied, and his appeal followed.

## ASSIGNMENTS OF ERROR

Kenneth asserts that the district court erred in (1) extending Kenneth's child support obligation by 1 year, (2) not allowing Kenneth to take the income tax deduction for Eric after raising his child support obligation from $200 per month to $683, (3) setting the property settlement agreement and decree aside without a finding that the agreement was procured by fraud or was unfair or unconscionable, and (4) awarding attorney fees to Ava in the amount of $1,500.

Ava asserts that the district court erred in failing to order its modification of Kenneth's child support obligation retroactive to Ava's filing of her application to modify.

## STANDARD OF REVIEW

Modification of the amount of child support payments is entrusted to the discretion of the trial court, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Truman v. Truman*, 256 Neb. 628, 591 N.W.2d 81 (1999); *Faaborg v. Faaborg*, 254 Neb. 501, 576 N.W.2d 826 (1998).

A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition

through the judicial system. *Bondi v. Bondi*, 255 Neb. 319, 586 N.W.2d 145 (1998); *Hoshor v. Hoshor*, 254 Neb. 743, 580 N.W.2d 516 (1998).

## ANALYSIS

*Modification of Parties' Property Settlement Agreement.*

We first dispense with Kenneth's argument that a court may not subsequently modify a property settlement agreement unless it has been procured by fraud or was unfair or unconscionable. It is true that where a property settlement is voluntarily executed and is approved by the court and incorporated into a divorce decree from which no appeal is taken, the decree will ordinarily not thereafter be vacated or modified as to such property provisions in the absence of fraud or gross inequity. *Pascale v. Pascale*, 229 Neb. 49, 424 N.W.2d 890 (1988); *Robbins v. Robbins*, 3 Neb. App. 953, 536 N.W.2d 77 (1995). However, this rule of law applies to the *property* dispositions therein, not matters concerning children. Nebraska law provides that "[a] decree in a divorce case, insofar as minor children are concerned, is never final in the sense that it cannot be changed." *Wulff v. Wulff*, 243 Neb. 616, 619, 500 N.W.2d 845, 849 (1993), citing *Bartlett v. Bartlett*, 193 Neb. 76, 225 N.W.2d 413 (1975). See, also, Neb. Rev. Stat. § 42-366(7) (Reissue 1998) ("[e]xcept for terms concerning the custody or support of minor children, the decree may expressly preclude or limit modification of terms set forth in the decree"). Where changed circumstances are found to exist, a child support decree or order is at all times subject to review and adjustment in the light of such changed conditions regardless of the language of the allowance previously made. *Rubottom v. Rubottom*, 185 Neb. 39, 173 N.W.2d 447 (1970). The parties' decree in this case incorporated their property settlement agreement, which contained the provision regarding child support for Eric. The decree gives legal effect to the agreement, but the provisions regarding Eric's child support are not final and may be subsequently changed.

Kenneth does not contest the increased amount of child support of $683 that the trial court ordered or the court's finding with respect to Eric's future medical expenses which are not reimbursed by insurance. Kenneth does, however, assert that the

district court abused its discretion in extending his support obligation for 1 more year until Eric is 19, as compared to the age of 18 set forth in the parties' original property settlement agreement.

■ Neb. Rev. Stat. § 42-371.01 (Reissue 1998), enacted in 1997, provides that "[a]n obligor's duty to pay child support for a child terminates when (a) the child reaches nineteen years of age, (b) the child marries, (c) the child dies, or (d) the child is emancipated . . . ." The age of majority in 1986 was also 19. Section 42-371.01 leaves no doubt that it is the public policy and statutory law of this state that child support obligations should be paid until the child reaches the age of 19. But, this is a change in the law since it was only codified in 1997. In *State ex rel. Crook v. Mendoza*, 1 Neb. App. 180, 491 N.W.2d 62 (1992), we held that the enactment of the Nebraska Child Support Guidelines was a material change of circumstances sufficient to consider modification of a support order entered before the guidelines were effective. The same principle applies here, in that while the age of majority was 19 when the court first entered the decree, the statutory law has now changed to make child support to age 19 mandatory unless the child is emancipated. Thus, on that basis, the district court's decision is correct as there is a change of circumstances justifying modification.

■ Additionally, the paramount concern and question in determining child support is the best interests of the child. *Schulze v. Schulze*, 238 Neb. 81, 469 N.W.2d 139 (1991); *Zerr v. Zerr*, 7 Neb. App. 885, 586 N.W.2d 465 (1998); *Becker v. Becker*, 6 Neb. App. 277, 573 N.W.2d 485 (1997). By extending Kenneth's child support payments until Eric reaches the age of 19, the district court has certainly acted in Eric's best interests to ensure that he is supported through his minority. This is in accord with the public policy of this state, as evidenced by § 42-371.01. Ava has shown that Kenneth's income has substantially increased since the entry of the decree 13 years ago, and Kenneth obviously has the capacity to pay support for Eric until he reaches the age of 19. As an instructor at a community college, Kenneth's salary was $45,793 for July 1, 1997, to June 30, 1998, and $49,726 for July 1, 1998, to June 30, 1999. His financial circumstances appear stable, if not improving.

Other than the authority about the finality of the property division portions of a decree, which is not on point, Kenneth has cited no authority for the proposition that the trial court cannot "correct" the original decree which failed to extend Kenneth's child support obligation until Eric reaches the age of 19. The district court did not abuse its discretion in modifying the decree to make it conform to the present law, given the "nonfinality" of child support orders.

## Tax Exemption for Eric.

Kenneth argues that the lower court should have awarded him the exemption for Eric for income tax purposes. The original decree was silent on the matter. As a general rule, absent plain error, a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *Kricsfeld v. Kricsfeld, ante* p. 1, 588 N.W.2d 210 (1999). See, also, *Jirkovsky v. Jirkovsky*, 247 Neb. 141, 525 N.W.2d 615 (1995). From the record before us, Kenneth never presented to the district court the issue that he should be allowed to take an income tax deduction for Eric. He did not raise it by his "Answer and Demurrer," nor did he even mention it to the trial court. Given that a rather nominal child support order of $200 per month remained unchanged for 14 years, it is apparent that there is evidence which would bear on who should have the deduction during what amounts to the last year of Eric's minority. We do not know who has been paying what to support Eric or who has taken the exemption in the past—all matters which might well bear on this issue, but upon which the record is silent. Therefore, we hold that issue was not properly presented to the trial court and preserved for appellate review.

## Award of Attorney Fees to Ava.

Kenneth's final assignment of error is that it was error to award Ava attorney fees in the amount of $1,500. In an action for modification of a marital dissolution decree, the award of attorney fees is discretionary with the trial court, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion. *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994). See, *Formanack v. Formanack*, 234 Neb.

325, 451 N.W.2d 250 (1990); *Shada v. Shada*, 232 Neb. 805, 442 N.W.2d 386 (1989). Customarily, attorney fees are awarded only to prevailing parties. *Ryan v. Ryan*, 257 Neb. 682, 600 N.W.2d 739 (1999). Factors to be considered in awarding such fees are the amount of alimony awarded, if any; the earning capacity of the parties; the services performed and results obtained; the length of time required for preparation and presentation of the case; customary charges of the bar; and the general equities of the case. *Formanack, supra.*

We cannot conclude that the trial court abused its discretion in awarding Ava an attorney fee of $1,500. The amount of attorney fees and costs awarded by the district court is supported by sufficient evidence. The amount is not untenable. Ava was the prevailing party. We find that the district court did not abuse its discretion in its award.

*Retroactive Application of Modification.*

■ Ava argues that Kenneth's increased child support obligation should be instituted as of the date that she filed for the modification, rather than the date of the modification order. The general rule in Nebraska has been to allow a modification of a child support order prospectively from the time of the modification order itself. *Robbins v. Robbins*, 3 Neb. App. 953, 536 N.W.2d 77 (1995), citing *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991). On occasion, a modification of a child support order may be applied retroactively to the filing date of the application for modification depending on the equities of the situation. *Truman v. Truman*, 256 Neb. 628, 591 N.W.2d 81 (1999); *Wulff v. Wulff*, 243 Neb. 616, 500 N.W.2d 845 (1993); *Maddux, supra.*

Ava filed her petition seeking a modification of the decree and an increase of child support on February 24, 1998. The hearing was delayed for several months due to two separate motions for continuances made by Kenneth's attorney. The district court's order increasing Kenneth's total child support obligation by $483 per month to $683 commencing on the first day of January 1999 was not entered until January 19, 1999, almost 1 year after Ava's petition was filed.

Eric and Ava should not be penalized by the delay present in the legal process, nor should Kenneth profit. To hold that Eric is

not entitled to the benefit of increased child support during the year that this matter was pending would be inequitable. We have previously found that the child and custodial parent should not be penalized, if it can be avoided, by the delay inherent in our legal system. See, *Lebrato v. Lebrato*, 3 Neb. App. 505, 529 N.W.2d 90 (1995); *State ex rel. Crook v. Mendoza*, 1 Neb. App. 180, 491 N.W.2d 62 (1992). That principle surely applies here.

■ We believe that the equities involved in this case require that the modified support obligation become effective as of the time of the filing of the petition under *Lebrato, supra*, and *State ex rel. Crook, supra*. The main principle behind the child support guidelines is to recognize the equal duty of both parents to contribute to the support of their children in proportion to their respective net incomes. See *Pattrin v. Pattrin*, 239 Neb. 844, 479 N.W.2d 122 (1992). Given that Kenneth has been on the faculty of the community college since at least the time of the parties' divorce in 1986 and is making a substantial salary, we find that his increased child support obligation should be retroactive to the date Ava filed her petition to modify.

## CONCLUSION

We find that the district court did not abuse its discretion in extending Kenneth's support obligation until Eric reaches the age of 19. There was no abuse of discretion in awarding Ava $1,500 in attorney fees. However, under the circumstances of this case, we find that Kenneth's increased child support payment obligation shall be applied retroactively to March 1, 1998, the next date for child support to be paid after Ava filed her petition to modify. The issue of the income tax exemption for Eric was not preserved for our review.

AFFIRMED AS MODIFIED.