BRUCE CLAYTON HUFFMAN, APPELLANT, V. MUFFY N. HUFFMAN, APPELLEE.

459 N.W.2d 215

Filed August 10, 1990.   No. 89-1413.

Gregory J. Beal, of Gregory J. Beal & Associates, P.C., for appellant.

Michael V. Smith, of Smith and King, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

Bruce Clayton Huffman, a noncustodial parent, appeals from the decision of the district court for Lincoln County, which denied Bruce Huffman's application to change the child custody provision in the marital dissolution decree by which Muffy N. Huffman was granted custody of the Huffmans' four children. Also, Bruce Huffman appeals from the district court's

judgment concerning child visitation rights and the award of an attorney fee.

Bruce Huffman and Muffy Huffman, now Muffy Gregg, are the parents of four children—Boon, born January 3, 1975; Beau, born May 26, 1977; Nels, born April 3, 1981; and Josie, born December 11, 1982. In March 1988, the marriage between Muffy and Bruce Huffman was legally dissolved. As reflected in the dissolution decree, the court granted custody of the Huffman children to Muffy Huffman, subject to Bruce Huffman's right of reasonable child visitation, which included visitation every other weekend plus 6 weeks in Bruce Huffman's care during the summer.

On July 28, 1988, Bruce Huffman filed an application to modify the child custody and visitation provisions of the dissolution decree, requested that he be granted custody of the Huffman children, and alleged that "there [had] been substantial changes in the circumstances of the parties," such as Muffy's recent move with the children to Chadron and Muffy's plans to start a day-care center in her home. In his modification application, Bruce also requested that the court determine the "reasonable rights of visitation on the part of the non-custodial parent."

On September 21, 1988, during the initial hearing on Bruce Huffman's application to modify the dissolution decree, the district court, on its own motion, raised the question of whether the court had jurisdiction to enter the decree of marital dissolution entered in March 1988, determined that it lacked jurisdiction for the dissolution proceedings, set aside the dissolution decree, and dismissed the modification proceedings. In *Huffman v. Huffman*, 232 Neb. 742, 441 N.W.2d 899 (1989), we concluded that the district court had jurisdiction for the Huffman dissolution proceedings, reversed the district court's judgment which dismissed the modification proceedings, and directed the district court to reinstate its previous judgment and dissolution decree in the Huffman case.

The hearing to modify the Huffman decree was resumed on October 18, 1989, and the court received evidence concerning the modification requested by Bruce Huffman.

After the divorce, Bruce Huffman lived in a rural residence

near Oshkosh, Nebraska, where he raised cattle and sold cattlefeed. In June 1989, Bruce moved to a ranch near Wallace, Nebraska. During that time, Bruce regularly exercised his visitation right concerning the Huffman children and involved them in several wholesome activities.

In 1988, Muffy Huffman, with the four Huffman children, moved to Chadron. In July 1989, Muffy married Robert Gregg, who is a supervisor at Chadron State Park. Muffy Gregg abandoned her plans to start a day-care center and obtained employment as a dental assistant. The Greggs and the Huffman children live just outside Chadron, where the children attend public school.

Although the Huffman children exhibited some emotional difficulties on account of their parents' divorce, when the modification application was heard, the children had adjusted well to their new environment. Each of the boys is a straight A student, and Josie, a first grader, likes going to school. The oldest son, Boon, participates in football and baseball at school. Nels, the third child, is involved in a program for talented and gifted children.

In the initial modification hearing held in 1988, the court sustained an objection to Bruce Huffman's expressing an opinion regarding the effect of Muffy's lifestyle on the children. However, on resumption of the hearing in 1989 after *Huffman v. Huffman, supra*, Bruce Huffman testified and expressed his opinion about Muffy's lifestyle and its effect on the Huffman children.

At the conclusion of evidence at the October 18 hearing, the trial court remarked from the bench:

[A]s far as the change in circumstances I don't see one, and it seems clear to me that the best interest of the children requires that they remain where they are.

. . . .

So, as far as the motion is concerned, the motion for the change of custody is denied. The motion as it relates to visitation and the issues in the Respondent's [sic] application, concerning the application the Court will take that under advisement.

In the presence of the parties and their lawyers, the court then

made this notation on its docket sheet: "The Court finds the Application to Modify Decree filed by [Bruce Huffman] should be overruled." Bruce Huffman did not file a motion for new trial or notice of appeal concerning the court's action on October 18. On November 3, the court signed and filed an order reflecting the court's action on October 18 and directing a specific schedule for Bruce Huffman's visitation of his children, which included the return of the Huffman children to their home at Chadron by 5 p.m. at the conclusion of visitation on weekends and holidays. Bruce Huffman, on November 30, filed his notice of appeal from the judgment entered "on the 3rd day of November, 1989."

Bruce Huffman appeals and claims that the trial court erred in (1) failing to find a material change of circumstances warranting a change in child custody; (2) not allowing Bruce Huffman, during the initial modification hearing on September 21, 1988, to express his opinion about Muffy's lifestyle and its effect on the children; (3) not granting reasonable visitation rights; and (4) awarding a $750 attorney fee for Muffy Gregg's lawyer.

Appellate review of a judgment concerning modification of a marital dissolution decree is de novo on the record to determine whether the trial court abused its discretion concerning modification. See *Morisch v. Morisch*, 218 Neb. 412, 355 N.W.2d 784 (1984).

> In an appeal involving an action for dissolution of marriage, the Supreme Court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, the Supreme Court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another.

*Huffman v. Huffman*, 232 Neb. 742, 747-48, 441 N.W.2d 899, 903-04 (1989); *Ritter v. Ritter*, 234 Neb. 203, 450 N.W.2d 204 (1990); *Ensrud v. Ensrud*, 230 Neb. 720, 433 N.W.2d 192 (1988).

Muffy Gregg contends that this court's review is restricted to the issues of child visitation and the attorney fee, since the trial court's pronouncement on October 18, 1989, at the conclusion of the modification hearing, was a "final order" for the purpose of an appeal concerning modification of the dissolution decree pertaining to child custody; hence, the notice of appeal, filed on November 30, was not timely. See Neb. Rev. Stat. § 25-1912 (Reissue 1989) (for appellate jurisdiction, notice of appeal must be filed within 30 days after entry of the judgment or decree to be reviewed). Consequently, Muffy Gregg argues that this court lacks jurisdiction to review the district court's disposition of Bruce Huffman's request for modification of the dissolution decree's provision for child custody.

During oral arguments before this court, lawyers for the parties referred to the modification application and alluded to the existence of an additional motion concerning visitation of the Huffman children, that is, the application requesting change of custody and a separate motion requesting modification of the visitation schedule. However, the record contains only the "Application for Modification of Decree," which, as we construe the application, contains both the request for a change of child custody and the request for modification of the visitation schedule.

Generally, when multiple issues are presented to a trial court for simultaneous disposition in the same proceeding and the court decides some of the issues, while reserving some issue or issues for later determination, the court's determination of less than all the issues is an interlocutory order and is not a final order for the purpose of an appeal. *In re 1983-84 County Tax Levy*, 220 Neb. 897, 374 N.W.2d 235 (1985). See, also, *Rec Centers, Inc. v. Shaughnessy*, 407 So. 2d 971 (Fla. App. 1981) (judgment which explicitly reserves jurisdiction to determine another issue within the proceedings is not a final order); *Boulder Land, Irrigation and Power Co. v. Hays*, 502 P.2d 1136 (Colo. App. 1972) (judgment on one of several issues is not a final judgment for purposes of appeal). *Gerber v. Gerber*, 218 Neb. 228, 353 N.W.2d 4 (1984), is somewhat similar to the Huffman case now before us. In *Gerber*, the petition for

dissolution of marriage also requested a division of marital property and a determination of matters pertaining to the Gerber children, that is, child support and visitation. The district court determined that the marriage was irretrievably broken, but reserved jurisdiction for a later determination of the property division, as well as child support and visitation of the children. An appeal was taken from the judgment dissolving Gerbers' marriage. In *Gerber*, this court concluded that when any of the parties' substantial rights remain undetermined in a marital dissolution proceeding and the case is retained for further action by the trial court, any order in the dissolution proceeding is interlocutory and not final. In dismissing the Gerber appeal for lack of jurisdiction, this court in *Gerber* remarked that "there is no final order that may be appealed from as to *any* of the issues between these parties, including the issue of dissolution of the marriage." (Emphasis in original.) *Gerber v. Gerber, supra* at 231, 353 N.W.2d at 6.

In the present case, there was a solitary pleading, the application for modification of a dissolution decree. The application requested that the dissolution decree be modified to grant child custody to Bruce Huffman and that a schedule of visitation rights be determined for the noncustodial parent. The tenor of the modification application may be expressed in the alternative: a change in custody or, if such change were denied, a new schedule of visitation rights. Thus, Bruce Huffman's application was a solitary pleading which raised multiple issues, namely, custody and visitation of children, which were determinable in one proceeding regarding modification of a prior dissolution decree. Therefore, we hold that when an application is filed to modify a decree in a marital dissolution action, and the modification application pertains to more than one issue involving children affected by the dissolution decree, a court's resolution of one issue raised by the modification application, but retention or reservation of jurisdiction for disposition of another issue or other issues raised by the modification application, does not constitute a final judgment, order, or decree for the purpose of an appeal. For that reason, this court has jurisdiction to review the district court's action on Bruce Huffman's modification application.

"To justify a modification of a divorce decree, there must be a showing of a material change in the circumstances subsequent to the entry of the dissolution decree." *Morisch v. Morisch*, 218 Neb. 412, 413, 355 N.W.2d 784, 785 (1984). A divorce decree fixing custody of minor children should not be modified unless there has been a change in circumstances indicating that the person having custody is unfit for that purpose or that the best interests of the children require such action. *Christen v. Christen*, 228 Neb. 268, 422 N.W.2d 92 (1988); *Parsons v. Parsons*, 219 Neb. 736, 365 N.W.2d 841 (1985).

> [T]his court has determined "that a decree fixing custody of minor children will not be modified unless there has been a change of circumstances [following entry of the decree] indicating that the person having custody is unfit for that purpose or that the best interests of the children require such action." *Hoschar v. Hoschar*, 220 Neb. 913, 915, 374 N.W.2d 64, 66 (1985). The party seeking modification bears the burden of showing a material change of circumstances affecting the best interests of the child. *Hoschar, supra.*
>
> As further stated in *Hoschar, supra* at 915, 374 N.W.2d at 66: "[B]y material change of circumstances we mean that the evidence must show that something has occurred, which if the trial court had been aware of the existence of these circumstances initially, the trial court in the best interests of the children would have granted their custody to the other parent."

*Hicks v. Hicks*, 223 Neb. 189, 192, 388 N.W.2d 510, 513 (1986).

In the present case, the trial court found no material change of circumstances which justified a change in custody of the Huffman children. The record clearly establishes that the Huffman children are well adjusted, happy, performing very well in school, and involved in worthwhile activities for children. No detriment or harm to the Huffman children has been shown as the result of their move to Chadron and residence with the Greggs. After our de novo review, we conclude that the record fails to show a material change of circumstances or that the child custody provision in the court's 1988 decree of marital dissolution has become detrimental to

the best interests of the Huffman children.

Regarding Bruce Huffman's assignment of error based on the exclusion of his opinion testimony at the initial hearing on his modification application, "alleged error in excluding a witness' testimony is cured when the initially excluded testimony is later elicited through the same witness." *Rose v. City of Lincoln*, 234 Neb. 67, 77, 449 N.W.2d 522, 529 (1989). Also, "to constitute reversible error contemplated in Neb. Evid. R. 103(1) (Neb. Rev. Stat. § 27-103(1) (Reissue 1985)), admission or exclusion of evidence must unfairly prejudice a substantial right of a litigant complaining about such evidence admitted or excluded." *Rose v. City of Lincoln, supra* at 76, 449 N.W.2d at 529. Although, in the initial part of the modification hearing in 1988, Bruce Huffman was prevented from expressing his opinion about Muffy's lifestyle, on resumption of the modification hearing in 1989 he expressed his view in that regard. Moreover, Bruce Huffman has failed to show prejudice from the trial court's refusing to allow Bruce's opinion testimony at the initial modification hearing in 1988.

> Ordinarily, if parental visitation is in a child's best interest, a court determines the nature and extent of visitation rights on a case-by-case basis and may consider many factors and circumstances in each individual case, such as age and health of the child; character of the noncustodial parent; the place where visitation rights will be exercised; frequency and duration of visits; the emotional relationship between the visiting parent and the child; the likely effect of visitation on the child; availability of the child for visitation; likelihood of disrupting an established lifestyle otherwise beneficial to the child; and, when appropriate, the wishes of the child.

*Gerber v. Gerber*, 225 Neb. 611, 619, 407 N.W.2d 497, 503 (1987).

Bruce Huffman asserts, without contradiction from Muffy Gregg, that he "lives four and one-half hours [from Chadron] and approximately 258 miles distant" from the Gregg home. Brief for appellant at 30. Hence, Bruce Huffman argues that the court-ordered delivery of the Huffman children to the Gregg home at 5 p.m. on a visitation weekend is unreasonable

and, therefore, an abuse of discretion. Nothing indicates that the noteworthy distance between parental residences was anything but the result of location for livelihood. Nevertheless, distance between the custodial parent's residence and the noncustodial parent's residence should be considered in the determination of the noncustodial parent's child visitation rights. Child visitation rights for a parent, however, are considered and determined in relation to the best interests of the child or children. In the Huffman-Gregg situation, the Huffman children attend school, which means classes on Monday mornings and which also means that the children must be home in ample time for the transition from weekends to weekdays. All things considered, we are unable to reach the conclusion that the trial court abused its discretion in determining Bruce Huffman's child visitation rights.

Finally, Bruce Huffman alleges that it was reversible error for the trial court to order him to pay $750 toward an attorney fee for Muffy's lawyer. "An award of an attorney fee in a marital dissolution proceeding is a matter within the trial court's discretion, is reviewed de novo on the record, and will be affirmed on appeal in the absence of abuse of discretion." *Ritter v. Ritter*, 234 Neb. 203, 209, 450 N.W.2d 204, 209-10 (1990); *Ritchie v. Ritchie*, 226 Neb. 623, 413 N.W.2d 635 (1987); *Smith v. Smith*, 222 Neb. 752, 386 N.W.2d 873 (1986). We cannot conclude that the district court abused its discretion in awarding an attorney fee of $750.

We award Muffy Gregg, formerly Muffy Huffman, $500 as an attorney fee for the services of her lawyer in this court.

AFFIRMED.