RITA ANN JOHNSON, APPELLANT, V.
MICHAEL RAY JOHNSON, APPELLEE.
726 N.W.2d 194

Filed December 19, 2006.    No. A-06-337.

Kent A. Schroeder, of Ross, Schroeder & George, for appellant.

Chris A. Johnson, of Conway, Pauley & Johnson, P.C., for appellee.

INBODY, Chief Judge, and IRWIN and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

Rita Ann Johnson appeals from an order of the district court for Phelps County, Nebraska, which modified the decree dissolving her marriage to Michael Ray Johnson by changing custody of the parties' child from Rita to Michael. Rita asserts the district court abused its discretion in finding that a material change of circumstances had occurred and that the best interests of the child required modification of custody. Because the order appealed from reserved the issue of child support for future determination, the order was not final, and accordingly, we must dismiss this appeal for lack of jurisdiction.

## PROCEDURAL BACKGROUND

On March 30, 2004, a decree of dissolution was entered which, among other things, awarded Rita the custody of the parties' child, born January 10, 2003, and specified visitation to Michael. On August 5, 2004, Michael filed an application to modify the decree, and on July 5, 2005, he filed an amended complaint for modification. Trial was held on October 19 and December 16. On March 14, 2006, an order was filed sustaining Michael's amended complaint and placing permanent custody of the parties' child with Michael, effective April 1.

The March 14, 2006, order, at paragraph 3, required Rita to pay child support effective April 1 and ordered the parties "to submit a stipulated child support calculation or schedule a hearing on the same." On March 24, Rita filed a notice of appeal of the March 14 order. On March 31, an order was filed which placed the parties' child in the temporary custody of Rita during

the period of appeal, declined to enter a child support obligation for Rita at such time, and ordered that during the period of appeal, Michael continue to pay his child support previously ordered. The March 31 order further stated that paragraph 3 of the March 14 order is amended as follows: "The Court will enter an appropriate child support Order when this Order on custody becomes final."

On April 12, 2006, the district court apparently held a hearing on Michael's motion to set child support, although these proceedings are not contained in our record. On April 24, an order was entered finding that the March 14 order should be amended to include an amount for child support. The April 24 order provided that Rita should pay child support in the amount of $277 per month, effective April 1. Also on April 24, an additional order was entered which suspended Rita's child support obligation pending the decision on appeal.

Michael filed a motion for summary dismissal of the appeal in this court, asserting that Rita's appeal was premature because the March 14, 2006, order was not a final order for purposes of appeal. We overruled the motion without prejudice for further consideration of the question of whether the March 14 order is a final, appealable order and what effect, if any, the subsequent orders had.

## ASSIGNMENTS OF ERROR

Rita asserts the district court abused its discretion in finding that a material change in circumstances had occurred and that the best interests of the child required modification of custody.

## STANDARD OF REVIEW

Child custody determinations are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *Tremain v. Tremain*, 264 Neb. 328, 646 N.W.2d 661 (2002). In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions with respect to the matters at issue. *Carter v. Carter*, 261 Neb. 881, 626 N.W.2d 576 (2001).

■ A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Crawford v. Crawford*, 263 Neb. 37, 638 N.W.2d 505 (2002).

## ANALYSIS

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Hosack v. Hosack*, 267 Neb. 934, 678 N.W.2d 746 (2004).

It is necessary for us to determine whether the March 14, 2006, order, from which Rita appeals, is a final, appealable order. In *Paulsen v. Paulsen*, 10 Neb. App. 269, 634 N.W.2d 12 (2001), this court held that a court's order modifying custody but retaining jurisdiction for a determination of child support does not constitute a final order for purposes of appeal. In *Paulsen*, we recognized the longstanding principle that when multiple issues are presented to a trial court for simultaneous disposition in the same proceeding and the court decides some of the issues, while reserving some issue or issues for later determination, the court's determination of less than all the issues is an interlocutory order and is not a final order for the purpose of an appeal. *Huffman v. Huffman*, 236 Neb. 101, 459 N.W.2d 215 (1990).

■ In *Paulsen*, the father filed an application for modification of a divorce decree, specifically requesting that the trial court award him custody, child support, and attorney fees. This court determined that the order was not final because it had not determined all the issues submitted to the court, namely child support. Likewise, in *Huffman*, 236 Neb. at 106, 459 N.W.2d at 220, the Supreme Court held:

> [W]hen an application is filed to modify a decree in a marital dissolution action, and the modification application pertains to more than one issue involving children affected by the dissolution decree, a court's resolution of one issue raised by the modification application, but retention or reservation of jurisdiction for disposition of another issue or

other issues raised by the modification application, does not constitute a final judgment, order, or decree for the purpose of an appeal.

See, also, *Dawes v. Wittrock Sandblasting & Painting*, 266 Neb. 526, 667 N.W.2d 167 (2003), *disapproved on other grounds, Kimminau v. Uribe Refuse Serv.*, 270 Neb. 682, 707 N.W.2d 229 (2005); *Hamm v. Champion Manuf. Homes*, 11 Neb. App. 183, 645 N.W.2d 571 (2002) (where court expressly reserved ruling on certain aspects of relief requested, order is not final).

In the present case, unlike in *Paulsen* or *Huffman*, there was no request for child support in Michael's initial application or amended complaint. The prayer for relief in Michael's amended complaint to modify decree requested that the court

enter an order modifying the Decree of Dissolution and awarding [Michael] the care, custody and control of the parties' minor child, or, in the alternative, if custody is not change[d], changing the visitation to more appropriately address the parties' current circumstances and the needs of the child, for attorney fees, and for such other and different relief as the Court deems just and equitable.

Rita asserts that all of the issues that were submitted to the court on Michael's amended complaint were determined by the court in the March 14, 2006, order—namely, modification of custody, visitation, and attorney fees—thus making it a final order for purposes of appeal. We cannot agree. While the prayer in Michael's amended complaint did not make a specific request for child support, a child support determination is an inherent part of a custody modification action. Michael's amended complaint also prayed for other equitable relief, and child support is equitable relief, which can be awarded by the court under Neb. Rev. Stat. § 42-364 (Reissue 2004). See, *Gangwish v. Gangwish*, 267 Neb. 901, 678 N.W.2d 503 (2004); *Henke v. Guerrero*, 13 Neb. App. 337, 692 N.W.2d 762 (2005) (prayer for general equitable relief is to be construed liberally, and will often justify granting relief in addition to that contained in specific prayer, provided it fairly conforms to case made by petition and evidence). We note that there was some evidence adduced in the present case regarding the parties' current incomes.

Because child support is equitable relief inherent in a child custody modification action, coupled with the fact that the court specifically ordered child support to be calculated following the order, we conclude that the March 14, 2006, order was not a final, appealable order and that the notice of appeal filed on March 24 was therefore premature. To carve out the exception as urged by Rita—that the issue of child support was not submitted to the court—would wreak havoc in the arena of final order jurisprudence, particularly in this area of child custody and support. We decline to distinguish *Paulsen v. Paulsen*, 10 Neb. App. 269, 634 N.W.2d 12 (2001), in this manner.

## CONCLUSION

Because the order of March 14, 2006, reserved the issue of child support for future determination, the order was not final, and accordingly, we must dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.