767 N.W.2d 813 (2009)
17 Neb. App. 607
Komalpreet BHULLER, Appellee,
v.
Amardip S. BHULLER, Appellant.
No. A-08-1195.
Court of Appeals of Nebraska.
May 12, 2009.
*814 John A. Kinney and Jill M. Mason, of Kinney Law, P.C., L.L.O., Omaha, for appellant.
Mark Goodall, Omaha, for appellee.
INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
Amardip S. Bhuller appeals from a decree of dissolution entered on November 13, 2008. We consider the motion of Komalpreet Bhuller for summary dismissal. Because the decree did not incorporate a parenting plan as required by Neb.Rev. Stat. § 43-2929 (Reissue 2008), the decree was not a final, appealable order. We therefore lack jurisdiction to hear this appeal.

BACKGROUND
The instant case arises out of a dissolution proceeding in which the parties disputed parenting time. On November 12, 2008, Amardip appealed from a "Decree of Dissolution" signed by the district court on November 12 and entered on November 13. In the decree, primary physical custody of the minor child was placed with Komalpreet. The decree provided as follows regarding visitation: "In order to preserve and promote the bond between [the minor child] and his father, liberal visitation is ordered. The parties shall participate in mediation to determine the parameters of visitation."
On December 11, 2008, Amardip filed a motion in which he requested that the court order a parenting schedule and alleged that the parties had not reached an agreement regarding parenting time in mediation. On February 2, 2009, the district court entered an "Order for Parenting Schedule." The February 2 order set forth the dates and length of Amardip's visitation with the minor child.
In response to Amardip's appeal, Komalpreet filed a motion for summary dismissal *815 pursuant to Neb. Ct. R.App. P. § 2-107(B)(1).

ASSIGNMENTS OF ERROR
Because we resolve the instant appeal on jurisdictional grounds, we do not reach Amardip's assigned errors, which asserted, as restated, that the district court erred in (1) permitting Komalpreet to remove the minor child from the state, (2) granting Komalpreet physical custody of the minor child, (3) awarding alimony, and (4) ordering mediation to resolve a parenting plan.

STANDARD OF REVIEW
[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. In re Interest of Taylor W., 276 Neb. 679, 757 N.W.2d 1 (2008).

ANALYSIS
[2] The district court's failure to include a parenting plan in the decree prevents the decree from being a final, appealable judgment. Therefore, this appeal from the decree was premature.
[3] In the context of a special proceeding, which includes a dissolution proceeding, a final judgment must "decide all of the issues pending before the court." Jacobson v. Jacobson, 10 Neb.App. 622, 625, 635 N.W.2d 272, 276 (2001). Further, the final judgment must "[dispose] of all the issues presented by the pleadings." Wagner v. Wagner, 275 Neb. 693, 699, 749 N.W.2d 137, 142 (2008).
[4] Where an issue implicated by the pleadings has not been determined, the order is not a final, appealable order. For example, in Johnson v. Johnson, 15 Neb. App. 292, 726 N.W.2d 194 (2006), we decided that an order modifying child custody which did not include a child support calculation was not a final order. We reasoned that, even though the party requesting modification failed to request a modification of child support, a final order must include a child support determination because it is an "inherent part of a custody modification action." Id. at 296, 726 N.W.2d at 197.
The Nebraska Supreme Court dealt with a similar matter in Wagner v. Wagner, supra. In Wagner, the Supreme Court decided that a dissolution proceeding "order" in which the district court "had not found that the marriage was irretrievably broken, or dissolved the marriage," could not be a final judgment. Id. at 699, 749 N.W.2d at 142. The Supreme Court determined that the order did not dispose of all the issues implicated by the pleadings, because Neb.Rev.Stat. § 42-361(1) (Reissue 2008) required the district court to make a finding as to whether the marriage was "irretrievably broken."
Because the parties' pleadings in the instant case raised the issue of child custody, § 43-2929 required the final judgment to incorporate a parenting plan which resolved the issue of visitation. Section 43-2929 provides as follows:
(1) In any proceeding in which parenting functions for a child are at issue under Chapter 42, a parenting plan shall be developed and shall be approved by the court. Court rule may provide for the parenting plan to be developed by the parties or their counsel, a court conciliation program, an approved mediation center, or a private mediator. When a parenting plan has not been developed and submitted to the court, the court shall create the parenting plan in accordance with the Parenting Act. A parenting plan shall serve the best interests of the child pursuant to sections 42-364 and 43-2923 and shall:

*816 . . . .
(b) Include, but not be limited to, determinations of the following:
. . . .
(ii) Apportionment of parenting time, visitation, or other access for each child. . . .
The plain language of § 43-2929 requires that a parenting plan be developed and approved by the court in any dissolution proceeding where the custody of a minor child is at issue. Clearly, in the case before us, the issue of child custody and parenting time was both raised in the pleadings and tried to the district court. The instant case is very similar to Wagner in that the district court failed to resolve an issue that the court by statute was required to resolve. The court's failure to do so precludes us from having jurisdiction over this appeal.
Amardip states that pursuant to Huffman v. Huffman, 236 Neb. 101, 105, 459 N.W.2d 215, 219 (1990), an order is not final for purposes of appeal only if the order "reserv[es] some issue or issues for later determination." Amardip argues that because the order "outsourced" the issue of visitation but did not reserve it for later determination, the decree was a final order. However, whether or not the court intended to reserve the issue of visitation is not relevant. In interpreting the terms of a decree, the Nebraska Supreme Court has stated, "`[T]he fact is that neither what the parties thought the judge meant nor what the judge thought he or she meant, after time for appeal has passed, is of any relevance. . . .'" Gutierrez v. Gutierrez, 5 Neb.App. 205, 217, 557 N.W.2d 44, 52 (1996). What the decree, as it became final, means as a matter of law as determined from the four corners of the decree is what is relevant. Id. Because the decree left unresolved an issue that the court was required by statute to resolve, it cannot be a final order no matter how the district court characterized its actions.

CONCLUSION
Because the decree from which Amardip appealed does not incorporate a parenting plan as is required by § 43-2929, we conclude that the decree was not a final, appealable order and that we must dismiss the appeal for lack of jurisdiction.
APPEAL DISMISSED.