IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE ON BEHALF OF ANDREASEN V. ANDREASEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA ON BEHALF OF HONORA ANDREASEN, A MINOR CHILD, APPELLEE,
V.
MICHAEL R. ANDREASEN, DEFENDANT AND THIRD-PARTY PLAINTIFF, APPELLEE,
AND AHKESHIA K. HENLEY, THIRD-PARTY DEFENDANT, APPELLANT.

Filed February 19, 2019.   No. A-17-1195.

Appeal from the District Court for Dodge County: GEOFFREY C. HALL, Judge. Appeal dismissed.

Avis R. Andrews for appellant.

Linsey Moran Bryant, of Sidner Law, for appellee Michael R. Andreasen.

RIEDMANN, BISHOP, and WELCH, Judges.

BISHOP, Judge.

INTRODUCTION

In 2013, Michael R. Andreasen and Ahkeshia K. Henley entered into a stipulated custody order which awarded them joint legal custody of their minor child, Honora Andreasen, with physical custody awarded to Ahkeshia. When Michael became aware that Ahkeshia was moving and wanted to remove Honora from Nebraska to Idaho, Michael filed a complaint to modify in the district court for Dodge County, seeking full custody. After a trial, the district court found Ahkeshia failed to show removal was in Honora's best interests; joint legal custody was maintained and Michael was awarded sole physical custody. Ahkeshia appeals the district court's denial of her request for removal, its failure to adopt an amended parenting plan, and its child support calculation. Because we conclude there is not yet a final order, we dismiss the appeal for lack of jurisdiction.

BACKGROUND

Honora was born in 2008. The parties separated in June 2010; the record does not show that they were ever married. In February 2013, the district court entered a stipulated order awarding the parties joint legal custody of Honora, with primary physical custody awarded to Ahkeshia. A parenting plan incorporated into the order provided Michael parenting time with Honora every other weekend from 5 p.m. Wednesday to 5 p.m. Sunday, as well as every other Wednesday from 5 p.m. until Thursday at 8 a.m. Michael was ordered to pay $174 per month in child support and Ahkeshia was ordered to provide health insurance for Honora, if available through Ahkeshia's employment at a reasonable cost. The parties were to equally divide uncovered medical expenses and work-related child care expenses. The dependency exemption alternated between them each year. The parties were to arrange reasonable parenting time or the stated default arrangement would apply. A parent seeking to change the minor child's residence for a period of more than 30 days had to give advanced notice of the proposed change by written notice at least 45 days prior to the change to allow time to mediate changes to custody, parenting time, and access to the minor child.

On March 1, 2016, Michael filed a complaint to modify, alleging there had been a substantial and material change in circumstances, namely, that Ahkeshia provided certified notice around February 27 of her intent to remove Honora from Nebraska without a court order or hearing. He argued it was in Honora's best interests to remain in Nebraska and that he be granted full temporary and permanent custody of her, and that child support be modified. The State filed an answer on Honora's behalf to generally deny Michael's material allegations. After a hearing, the district court issued an order on March 23 awarding Michael temporary legal and physical custody of Honora, subject to Ahkeshia's temporary parenting time (every other weekend from Friday at 6 p.m. to Sunday at 6 p.m. at the maternal grandmother's residence, and reasonable, liberal telephonic communication). The district court denied Honora's removal from Nebraska without its permission and suspended Michael's child support obligation as of March 31.

On April 5, 2016, Ahkeshia filed an "Answer and Counter-Complaint," denying the material allegations of Michael's complaint. She requested an award of full custody of Honora, revision of the parenting plan in Honora's best interests, leave to remove Honora to Idaho, and determination of each party's obligation for Honora's financial support. She alleged a modification of the stipulated order was warranted, asserting that Michael failed to follow the parenting plan, communicate appropriately with her on behalf of Honora, submit to mediation, and adequately care for Honora's physical needs while in his care. She claimed that to obtain the temporary order Michael mischaracterized her move and their discussions and that her life changes necessitated her move.

Trial took place on February 22, 2017. After the district court took the matter under advisement, it entered an "Order of Modification" on August 3. It denied Ahkeshia's request for removal and sustained Michael's request for sole physical custody of Honora; the parties retained joint legal custody. Ahkeshia was ordered to pay $330 per month in child support. The district court set forth specific parenting time provisions in the order, namely that Ahkeshia would have parenting time with Honora in the summer from June 1 until July 31 each year, plus the following

holiday periods every year: from noon on "Christmas Day" until the day before the end of "Christmas break," the "entire Spring Break," and "over the July Fourth holiday." The parties were given "Thanksgiving break" on an alternating basis, and Michael was given the following holidays every year: Easter, Memorial Day, and Labor Day. Ahkeshia was to have liberal and regular "telephone/Facetime/Skype" parenting time, and all transportation costs "to effectuate the visitation schedule as ordered" were to be equally shared by the parties. The order also stated:

> The Court finds that the parties shall be ordered to follow an Amended Parenting Plan to be prepared by [Michael's counsel] and it shall be in accordance with the Nebraska-recognized format and shall comport with this Court's decision. Said Amended Parenting Plan will be approved by both counsel as to form and content and submitted to the Court for its signature when it has been completed. Said Amended Parenting Plan shall be [fully] incorporated in this order by reference.

Ahkeshia's "Motion for New Trial or Reconsideration" was overruled. Ahkeshia now appeals.

## ASSIGNMENTS OF ERROR

Ahkeshia claims, consolidated and restated, that the district court erred when it (1) denied her request to remove Honora from Nebraska to Idaho, (2) did not adopt an appropriate amended parenting plan, and (3) did not properly calculate child support.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *McCullough v. McCullough*, 299 Neb. 719, 910 N.W.2d 515 (2018).

## ANALYSIS

Because it implicates a jurisdictional issue, we begin with Ahkeshia's second assigned error related to the district court's failure to adopt an appropriate amended parenting plan. Ahkeshia's position is that the decision (presumably about best interests) "is hampered because we do not have the Amended Parenting Plan that defines all of the aspects of the parental relationship going forward, although we do have the trial court's outline of the parenting time provisions." Brief for appellant at 29. In response, Michael acknowledges the lack of the court-ordered amended parenting plan, but claims that the district court's order "clearly sets forth specific orders for visitation by the parties," and addresses custody, telephone and other media contact, summer and holiday parenting time, and transportation costs. Brief for appellee at 26. At oral argument, both parties acknowledged that the court-ordered amended parenting plan did not yet exist, but the parties nevertheless encouraged this court to find the August 3, 2017, "Order of Modification" final and appealable. The parties' assertion that the August 3 order contains enough specificity as to the matters at issue so as to constitute a final order is compelling, but we must also be mindful of the other very explicit language in the district court's order that required the

preparation of an amended parenting plan which was to be incorporated into the modification order.

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *McCullough v. McCullough, supra*. For an appellate court to acquire jurisdiction of an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken. *Simms v. Friel*, 302 Neb. 1, 921 N.W.2d 369 (2019).

We agree with the parties that the district court set forth some specifics related to when Ahkeshia would be able to exercise her parenting time with Honora, however, the court also specifically ordered that an "Amended Parenting Plan" be drafted, approved by both parties, and then submitted to the court for signature. The court also directed that the amended parenting plan was to be in accordance with "the Nebraska-recognized format and shall comport with this Court's decision." Further, it was to be incorporated into the modification order. So in addition to containing the specifics set forth in the August 3, 2017, order, the Amended Parenting Plan was to be in accordance with a "Nebraska-recognized format."

In Nebraska, when an action involves child support, child custody, parenting time, visitation, or other access, a final order must incorporate a parenting plan. See, Neb. Rev. Stat. § 42-364(1) (Reissue 2016) (in action under Chapter 42 involving child support, child custody, parenting time, visitation, or other access, parenting plan shall be developed as provided in Parenting Act); *In re Interest of Ethan M.*, 18 Neb. App. 63, 774 N.W.2d 766 (2009) (§ 42-364(1) requires that final order incorporate parenting plan). Although the record before us does not include the original pleadings leading to the 2013 stipulated order, whether dealing with modification of a marriage dissolution or a paternity action, the requirements of § 42-364 would apply. See, § 42-364(1) (applies to action under Chapter 42, which includes marriage dissolution); *State on behalf of Pathammavong v. Pathammavong*, 268 Neb. 1, 679 N.W.2d 749 (2004) (applying § 42-364 to custody determination in paternity action); *State on behalf of Maddox S. v. Matthew E.*, 23 Neb. App. 500, 873 N.W.2d 208 (2016) (§ 42-364 applies to custody disputes in paternity actions). See, also, *Cox v. Hendricks*, 208 Neb. 23, 302 N.W.2d 35 (1981) (fact that child is born out of wedlock should be disregarded; custody and visitation of minor children should be determined on basis of best interests of children and standards set out in § 42-364 are to be applied); *Bhuller v. Bhuller*, 17 Neb. App. 607, 609, 767 N.W.2d 813, 815 (2009) ("district court's failure to include a parenting plan in the decree prevents the decree from being a final, appealable judgment," and "appeal from the decree was premature").

Michael suggests that *Citta v. Facka*, 19 Neb. App. 736, 812 N.W.2d 917 (2012), would support the position that the August 3, 2017, order is final and appealable. In *Citta v. Facka*, which involved establishment of paternity, custody, parenting time, and child support, the district court's order addressed all material matters raised, but did not include a separate parenting plan as contemplated under Neb. Rev. Stat. § 43-2929(1) (Reissue 2008) (when parenting functions for child are at issue, parenting plan shall be developed and shall be approved by court). This court concluded that although the district court's order left unaddressed several determinations which should be included in a parenting plan as identified in § 43-2929(1)(b), the failure to include such

matters "would be error, but that such error does not deprive us of jurisdiction and neither party assigns any error in this regard." *Citta v. Facka*, 19 Neb. App. at 743, 812 N.W.2d at 925.

As applied here, if the district court had set forth the key provisions related to custody, parenting time, and child support, and stopped there, we would agree that the failure to supply a separately documented parenting plan would not have necessarily deprived this court of jurisdiction as we decided in *Citta v. Facka, supra*. However, the case before us departs from the facts of *Citta* in a significant way, namely, that the district court specifically ordered the preparation of an amended parenting plan, and directed that it should comport with the court's decision and also "shall be in accordance with the Nebraska-recognized format." Further, it was to be approved by both counsel and submitted to the court for signature when completed, and the amended parenting plan was to be incorporated into the order. The entry of an initial order (as opposed to simply setting forth the court's findings) followed by a multi-step process to fully complete the disposition of the case can certainly create confusion as to when a party must appeal.

We find *Huffman v. Huffman*, 236 Neb. 101, 459 N.W.2d 215 (1990), instructive; it stands for the proposition that an order cannot be final when a trial court specifically requires further action by the court, and the further action is then incorporated into the court's ultimate order. In *Huffman v. Huffman, supra*, a father filed a modification action seeking custody of his children and a determination of parenting time. At the conclusion of an evidentiary hearing on October 18, 1989, the district court stated from the bench that the motion to change custody was denied; parenting time was taken under advisement. Also on October 18, in the presence of the parties and their lawyers, the district court noted on its docket sheet that the father's application to modify custody was overruled. The father did not appeal from the October 18 determinations. On November 3, the district court entered an order reflecting the court's action on October 18 and also setting forth a specific parenting time schedule for the father. The father appealed on November 30. The mother argued on appeal that the father should be limited to an appellate review of the parenting time issue only because the father failed to timely appeal from the October 18 pronouncement on custody. In rejecting the mother's argument, the Nebraska Supreme Court held:

> [W]hen an application is filed to modify a decree in a marital dissolution action, and the modification application pertains to more than one issue involving children affected by the dissolution decree, a court's resolution of one issue raised by the modification application, but retention or reservation of jurisdiction for disposition of another issue or other issues raised by the modification application, does not constitute a final judgment, order, or decree for the purpose of an appeal.

*Huffman v. Huffman*, 236 Neb. at 106, 459 N.W.2d at 220.

In this case, the August 3, 2017, order did contain certain specifics related to Ahkeshia's parenting time, but it left open the details of its court-ordered amended parenting plan. In other words, there were further steps to complete before the order itself was final; the district court reserved its jurisdiction for disposition of another matter--the amended parenting plan. The failure to include the referenced incorporated amended parenting plan into the modification order renders this appeal premature. Without a file-stamped modification order containing the referenced

court-ordered amended parenting plan, there is no final order, and this court therefore lacks jurisdiction over the appeal.

## CONCLUSION

Because there is no final order, this court lacks jurisdiction and the appeal must be dismissed.

APPEAL DISMISSED.